UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

---

DIRECTV, LLC, a California limited liability company,

          Plaintiff,

    v.

VICTOR A. SPINA, a/k/a VICTOR A. SPINA, JR. and WILLIAM SPINA, a/k/a WILLIAM ANTHONY SPINA, JR., Individually, and as officers, directors, shareholders, principals, managers and/or members of MARTINSVILLE CORRAL, INC., d/b/a TEXAS CORRAL, a/k/a SHELBYVILLE TEXAS CORRAL,

and

MARTINSVILLE CORRAL, INC., d/b/a TEXAS CORRAL, a/k/a SHELBYVILLE TEXAS CORRAL,

          Defendants.

---

**RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

Civil Action No.
1:15-CV-00104-JMS-TAB

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION
TO DEFENDANTS' MOTION TO DISMISS**

Plaintiff, DIRECTV, LLC (hereinafter "DIRECTV"), as and for its Response in Opposition to Defendants' Motion to Dismiss Plaintiff's Complaint against Victor A. Spina, Jr. and William Spina, individually, pursuant to Fed. R. Civ. P. 12(b)(6), hereby submits the following upon information and belief:

## PROCEDURAL HISTORY

On or about February 6, 2015, Plaintiff filed its Amended Complaint against the defendants, VICTOR A. SPINA, a/k/a VICTOR A. SPINA, JR. and WILLIAM SPINA, a/k/a WILLIAM ANTHONY SPINA, JR., Individually, and as officers, directors, shareholders, principals, managers and/or members of MARTINSVILLE CORRAL, INC., d/b/a TEXAS CORRAL, a/k/a SHELBYVILLE TEXAS CORRAL, and MARTINSVILLE CORRAL, INC., d/b/a TEXAS CORRAL, a/k/a SHELBYVILLE TEXAS CORRAL, (hereinafter referred to collectively as "Defendants"), alleging that Defendants willfully violated 47 U.S.C. §605 by exhibiting DIRECTV satellite programming to the public on June 4, 2014 in their commercial establishment for direct financial gain and without appropriate authorization from Plaintiff.

Service was duly made upon Defendant, Victor A. Spina, Jr., on February 18, 2015, upon William Spina on February 19, 2015 and upon Martinsville Corral, Inc. on February 19, 2015. Thereafter, Defendants through counsel, filed Defendants' Motion to Dismiss for Failure to State a Claim on behalf of Defendants Victor A. Spina, Jr. and William Spina.

## STATEMENT OF FACTS

DIRECTV is the nation's leading direct broadcast satellite service, providing hundreds of channels, special events programming including sports programming such as ESPN programming, as well as special interest programs and studio movies. DIRECTV provides services to homes based on residential rates and to commercial establishments under commercial rates. Because equipment used with DIRECTV services can be moved from residential locations to commercial establishments without DIRECTV's knowledge, owners of commercial establishments wishing to use DIRECTV's programming for their own commercial gain, at the lower residential rates can

surreptitiously gain access to DIRECTV programming without proper authorization by subscribing to DIRECTV services under a residential account and then installing/moving the equipment to their businesses and utilizing those services in a commercial environment.

This programming is only offered via subscription and Pay-Per-View (PPV), and is available to both residential and commercial customers. Customers wishing to receive DIRECTV's programming pay a monthly subscription fee. However, commercial accounts are charged a higher amount since in business establishments, the programming is displayed to the public. Residential and commercial accounts, alike, receive the same satellite equipment used to receive the DIRECTV programming signals and, as such, it would not be difficult for an individual to move residential equipment to their commercial establishment. It is also possible for a commercial establishment to fraudulently, with the intent of receiving programming at a reduced rate, establish an account at or near their business establishment and/or create a residential account at their business address, thereby defrauding Plaintiff. DIRECTV's revenues come mainly from the subscription fees, making the maintenance, security and integrity of its programming a significant priority. In order to combat fraud, Plaintiff contracts with companies to audit various commercial establishments, to see whether those establishments were illegally displaying the DIRECTV programming without proper commercial accounts and proper payment to Plaintiff.

Auditors visited numerous commercial locations where DIRECTV satellite programming was exhibited. On June 4, 2014, an auditor witnessed the exhibition of DIRECTV's ESPN satellite programming by the Defendants in their commercial establishment known as Shelbyville Texas Corral located at 2103 Intelliplex Drive, Shelbyville, IN 46176.

In the instant matter, a review of DIRECTV's account records reveals that there was no commercial account set up at the commercial establishment known as Shelbyville Texas Corral

located at 2103 Intelliplex Drive, Shelbyville, IN 46176 on June 4, 2014.

DIRECTV submits that Defendants' actions in defrauding Plaintiff were affirmative and were accomplished by overt acts done specifically to avoid paying the legal subscription rate for commercial establishments. Plaintiff further alleges that Defendants willfully and knowingly violated the Communications Act.

DIRECTV submits the instant Response in Opposition to Defendants' Motion to Dismiss as DIRECTV has sufficiently plead allegations necessary to establish a claim and support individual liability against the individually named Defendants, Victor A. Spina, Jr. and William Spina.

## **ARGUMENT**

## **I. LEGAL STANDARD FOR MOTION TO DISMISS**

Federal Rule of Civil Procedure 12(b)(6) authorizes a Court to dismiss a complaint for failure to state a claim upon which relief can be granted. The Federal Rule of Civil Procedure provides in pertinent part that "every defense in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim...shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: ...(6) failure to state a claim upon which relief can be granted... A motion making any of these defenses shall be made before pleading if a further pleading is permitted..." F.R.C.P. 12(b).

Federal Rule of Civil Procedure 8(a)(2) provides that a complaint need only offer "a short and plain statement of the claim showing that the pleader is entitled to relief." F.R.C.P. 8(a)(2). While this pleading standard does not require "detailed factual allegations," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Bank of the Ozarks v. 400 South Land Company, LLC et al., 2012 U.S. Dist. LEXIS 121306 (N.D. Ga., August 27, 2012) citing Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L. Ed. 2d 868

4

(2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 l. Ed. 2d 929 (2007).

"In order to withstand a motion to dismiss, 'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). A complaint is plausible on its face when the Plaintiff pleads factual content necessary for the court to draw the reasonable inference that the defendant is liable for the conduct alleged. Id.

At the motion to dismiss stage, "all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the Plaintiff." Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1273 n.1 (11th Cir. 1999). "However, the same does not apply to legal conclusions set forth in the complaint." Bank of the Ozarks v. 400 South Land Company, LLC et al., 2012 U.S. Dist. LEXIS 121306 (N.D. Ga., August 27, 2012) citing Iqbal, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Rather, factual allegations must be enough to raise a right to relief above the speculative level." Donald Shonk v. Fountain Power Boats, *et al.*, 2009 U.S. App. LEXIS 15642 (4th Cir. 2009). The court does not need to "accept as true a legal conclusion couched as a factual allegation." Twombly, 550 U.S. at 555.

In determining a 12(b)(6) motion, the Court must accept all factual allegations in the Complaint as true, draw all reasonable inferences in favor of the plaintiff, and "consider the complaint in its entirety, as well as other sources courts ordinarily examined when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the Complaint by reference." Matrix Capital Management Fund, LP, *et al.* v. Bearingpoint, Inc. *et al.*, 2009 U.S. App. LEXIS 16990 (4th Cir., 2009) *citing* Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S.

308, 322, 127 S. Ct. 2499, 168 L. Ed. 2d 179 (2007). However, a Court is not required to accept as true "mere unsupported conclusions and unwarranted inferences". Construcciones Haus Soceidad et al v. Kennedy Funding Inc., et al, 2008 U.S. Dist. LEXIS 33685 (D.N.J., April 24, 2008)(J. Sheridan) citing Doug Grant, Inc. v. Greate Bay Casino Corp., 232 F. 3d 173, 184 (3d Cir. 2000).

Furthermore, in order for a complaint to survive a Rule 12(b)(6) motion to dismiss "the factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1965, 167 L. Ed. 2d 929 (2007). "When reviewing a Rule 12(b)(6) motion to dismiss the following are the only items that a Court may consider: the complaint, exhibits attached to the complaint, matters of public record, and undisputedly authentic documents if the plaintiff's claims are based on those documents." Construcciones Haus Soceidad et al v. Kennedy Funding Inc., et al, 2008 U.S. Dist. LEXIS 33685 (D.N.J., April 24, 2008)(J. Sheridan) citing Pension Guaranty Corp. v. While Consol., Indus., 998 F. 2d 1192, 1196 (3d Cir. 1992).

Therefore, in deciding a motion to dismiss, "a court should look to the face of the complaint and decide whether, taking all the allegations of fact as true and construing them in a light most favorable to the nonmovant, plaintiff has alleged enough facts to state a claim for relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1965, 167 L. Ed. 2d 929 (2007).

"To survive a motion to dismiss, a complaint must contain allegations concerning each of the material elements necessary to sustain recovery under a viable legal theory." Yong Guo Jin v. EBI, Inc. *et al.*, 2006 U.S. Dist. LEXIS 75390 (E.D.N.Y., October, 2006) citing Connolly v. Havens, 763 F.Supp. 6, 9 (S.D.N.Y. 1991).

Under F.R.C.P. 12(b)(6), a motion to dismiss should be granted if it appears beyond doubt that the complainant "can prove no set of facts in support of his claim which would entitle him to relief." Lasala v. Needham & Company, Inc. *et al.*, 2006 U.S. Dist. LEXIS 7388 (S.D.N.Y., February 24, 2006) citing Nechis v. Oxford Health Plans, Inc., 421 F.3d 96, 100 (2d Cir. 2005) quoting Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957).

### II. DEFENDANTS' MOTION TO DISMISS DIRECTV'S CLAIMS AGAINST THE INDIVIDUALLY NAMED DEFENDANTS FOR A VIOLATION OF 47 U.S.C. § 605 SHOULD BE DENIED IN ITS ENTIRETY

Under the plain language of section 605: "No *person* not being authorized by the sender shall intercept any radio communication and *divulge or publish* the existence, contents, substance . . . of such intercepted communication to any person." 47 U.S.C. § 605(a) (emphasis in original). J & J Sports Productions v. Carranza, 2015 U.S. Dist. LEXIS 39165 *8 (S.D. Ind. Mar. 27, 2015). "A number of other courts have addresses the question of when a person can be *vicariously* liable for the conduct of *others* under section 605. That analysis has its genesis in a Second Circuit Court of Appeals decision in the context of the Copyright Act, *Softel v. Dragon Medical & Scientific Communications, Inc., 118 F. 3d 955 (2d Cir. 1997).* The *Softel* inquiry for vicarious liability depends on whether an individual had 'a right and ability to supervise the violations and that he had a strong financial interest in such activities.' *See, e.g. J&J Sports Productions v. Ribeiro, 562 F. Supp. 2d, 498, 501 (S.D.N.Y. 2008)." Id.*

In *Carranza*, the facts showed that Mr. Carranza hosted the party, purchased the program at issue on his *residential* account, and was present at the restaurant during the auditor's visit. The Court held that Mr. Carranza's liability under section 605 is direct. Similar to the facts of the instant case, Defendant, Victor A. Spina's, residential account was being utilized in two separate businesses

and as owners of the two business locations, both individually named defendants had a strong financial interest and the ability to supervise and control the violations in this case.

Sections 553 and 605 of the Federal Communications Act allow for liability against an individual as "officer[s], director[s], shareholder[s]" of a corporation which is found to be in violation of the statute. In order to properly state a claim against an individual for violations of 47 U.S.C. §553 or 47 U.S.C. §605, a complaint must allege facts showing the individual had supervision or control over the infringing activities, or that the person reaped some commercial benefit. J & J Sports Prods. v. 291 Bar & Lounge, LLC, 648 F. Supp. 2d 469, 473 (E.D.N.Y. 2009).

Defendants, in their Motion to Dismiss, allege under section A of their argument that "The Interception Claims Against the Spinas Should be Dismissed Because the Amended Complaint Fails to Allege that They Were Present or '*Exercised Close Control' Over the Alleged Interception or 'Received a Financial Benefit.*'" (Emphasis added) D.I. 15. DIRECTV is perplexed by the Defendants position and allegations, especially in light of Defendants later allegations, just one paragraph later, wherein the Defendants state that DIRECTV alleges the Spinas:

- Were the individuals with "supervisory capacity and control over the activities occurring within the Establishment" [Am. Compl., ¶ 13];
- "received a financial benefit from the operations of MARTINSVILLE CORRAL, INC" [Am. Compl., ¶ 14]; or
- "were the individuals with close control over the internal operating procedures and employment practices of MARTINSVILLE CORRAL, INC." [Am. Compl., ¶ 15].

It is readily apparent that DIRECTV has alleged in their Amended Complaint the very allegations that Defendants claim have not been alleged and those necessary to establish individual liability against the individually named Defendants. Defendants further argue that because the above allegations by DIRECTV are ***indistinguishable*** from the deficient allegations of *J & J Sports Productions, Inc. v. Mayreal, LLC,* Claims 1 and 2 against the Spinas, individually, fail to state a

8

claim and should be dismissed. DIRECTV is again confused by Defendants misleading argument. The only allegation made regarding individual liability in *Mayreal*[1] is the following language that appears in both the complaint and amended complaint:

*"Plaintiff is informed and believes, and alleges thereon that Defendants, Maynard Parker and Henry Garcia, are individuals and the principals and co-owners of the license with the Defendant corporation...officer, director, shareholder, employee, agent, and/or other representative of Mayrealll, LLC..."*

Contrastingly, DIRECTV submits that it has alleged facts specific enough to establish individual liability against Defendants Victor A. Spina, Jr. and William Spina. Such facts that DIRECTV alleged in its Amended Complaint are, among others, the following:

- Upon information and belief, Defendants, VICTOR A. SPINA, a/k/a VICTOR A. SPINA, JR. and WILLIAM SPINA, a/k/a WILLIAM ANTHONY SPINA, JR., were the individuals with supervisory capacity and control over the activities occurring within the Establishment known as TEXAS CORRAL, a/k/a SHELBYVILLE TEXAS CORRAL on June 4, 2014.
- Upon information and belief, Defendants, VICTOR A. SPINA, a/k/a VICTOR A. SPINA, JR., WILLIAM SPINA, a/k/a WILLIAM ANTHONY SPINA, JR. and MARTINSVILLE CORRAL, INC., received a financial benefit from the operations of MARTINSVILLE CORRAL, INC., d/b/a TEXAS CORRAL, a/k/a SHELBYVILLE TEXAS CORRAL on June 4, 2014.
- Upon information and belief, Defendants, VICTOR A. SPINA, a/k/a VICTOR A. SPINA, JR. and WILLIAM SPINA, a/k/a WILLIAM ANTHONY SPINA, JR., were the individuals with close control over the internal operating procedures and employment practices of MARTINSVILLE CORRAL, INC., d/b/a TEXAS CORRAL, a/k/a SHELBYVILLE TEXAS CORRAL on June 4, 2014.

The Court in *Mayreal* dismissed the plaintiff's claims against the individual defendants because the *sole,* specific factual allegation made with respect to Parker and Garcia are that both are named on Mayreal's liquor license, and that Parker is Mayreal's resident agent. In the instant case, DIRECTV has certainly plead a great deal more than *Mayreal* and the Court should not follow the

---

[1] DIRECTV has attached as exhibits to the within Response the complaint and amended complaint in the case of *J & J Sports Productions, Inc. v. Mayrealii, LLC* for the Court's convenience.

decision in *Mayreal*, as the allegations DIRECTV has plead are sufficient to establish liability and by no stretch of the imagination can be considered "indistinguishable" to those in *Mayreal*, as the Defendants suggest.

"Personal liability against Defendant Ewer is appropriate based upon the allegations of the complaint. The complaint alleges upon information and belief that Ewer was the individual with supervisory capacity and control over the activities occurring at…and that he received a financial benefit from the operations of…on that night." Joe Hand Promotions, Inc. v. Ewer, 2009 U.S. Dist. LEXIS 100415 (E.D. Wis. Oct. 8, 2009). Similarly, DIRECTV has alleged in the instant case that the individual defendants had supervisory capacity and control over the activities occurring within Shelbyville Texas Corral on June 4, 2014, as well as the Defendants having received a financial benefit from the operations of same. Thus, DIRECTV's allegations are sufficient to establish individual liability and its claims against the individually named Defendants should not be dismissed. (*See also Joe Hand Promotions, Inc. v. Hurley 2011 U.S. Dist. LEXIS 146736* holding that the complaint states a claim of relief against Hurley individually under section 605 that is "plausible on its face" and sufficient to survive a motion to dismiss wherein plaintiff alleged that Hurley was the individual and the principal, alter ego, officer, director, shareholder, employee, agent, and/or other representative of DAVID HURLEY LTD. d/b/a HURLEY'S DANCE CLUB and that he directly unlawfully intercepted and exhibited the Program, or assisted such activities for commercial advantage or private financial gain).

It is clear here that the Defendants' Motion to Dismiss should be denied and DIRECTV should be allowed to conduct discovery because of the overwhelming amount of information that this Court can reasonably infer that the Spinas are the owners of Shelbyville Texas Corral, the holder of the residential DIRECTV account utilized in their businesses, and the principals and officers of

Martinsville Corral Inc. and therefore certainly had the right and ability to supervise and control the infringing activities and had a financial stake in the business. DIRECTV's allegations go far beyond mere conclusions and labels and even further discovery will show that there is sufficient proof for individual liability. On the other hand, if through discovery DIRECTV learns that there is insufficient evidence to reach the conclusion that the Spinas are personally liable, then DIRECTV will take the appropriate action at that juncture, as DIRECTV respectfully submits to the Court that it would be premature to dismiss the individually named Defendants at this juncture without further discovery.

WHEREFORE, based upon the foregoing, it is respectfully requested that Defendants' Motion to Dismiss Plaintiff's section 605 and ECPA claims against the Defendants be denied, and for such other and further relief as this Court may deem just and proper.

Dated: April 22, 2015
Ellenville, NY

Respectfully submitted,

**DIRECTV, LLC**

By: /s/Julie Cohen Lonstein
JULIE COHEN LONSTEIN, ESQ.
(NYS Bar No. #2393759)
Attorney for Plaintiff
LONSTEIN LAW OFFICE, P.C.
Office and P.O. Address
80 North Main Street : P.O. Box 351
Ellenville, NY   12428
Telephone:   (845) 647-8500
Facsimile:    (845) 647-6277
Email: Legal@signallaw.com
*Our File No. ES14-13IN-07*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on April 22, 2015, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following counsel:

Paul B. Overhauser, Esq.
Overhauser Law Offices
740 W Green Meadows Drive, Ste 300
Greenfield, IN 46140
poverhauser@overhauser.com

By: /s/ Julie Cohen Lonstein
JULIE COHEN LONSTEIN, ESQ.