UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| DIRECTV, LLC a California limited liability company, | ) ) ) | |
| Plaintiff, | ) ) | No. 1:15-cv-00104-JMS-TAB |
| vs. | ) ) | |
| VICTOR A SPINA a/k/a VICTOR A SPINA, JR.;  individually, and as officer, director, shareholder, principal, manager, and/or member of Martinsville Corral, Inc., MARTINSVILLE CORRAL, INC. a/k/a SHELBYVILLE TEXAS CORRAL; d/b/a TEXAS CORRAL, WILLIAM  SPINA a/k/a WILLIAM ANTHONY SPINA, JR., | ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |
| _____ | ) | |
| MARTINSVILLE CORRAL, INC., | ) ) | |
| Counter Claimant, | ) ) | |
| vs. | ) ) | |
| DIRECTV, LLC a California limited liability company, | ) ) ) | |
| Counter Defendant. | ) | |

**AMENDED REPORT AND RECOMMENDATION ON MOTIONS TO DISMISS[1]**

**I.  Introduction**

---

[1] This entry is being amended to substitute the word "granted" for "dismissed" on page 8, at the conclusion of the discussion on the tortious interference with business relationship claim.  The purpose of this amendment is to clarify the wording, not to substantively change the entry.  As a result, the 14-day objection period should not be extended.

Pending before the Court in this consolidated case are Defendants' Victor Spina and William Spina's motions to dismiss[2] and Plaintiff DirecTV's motion to dismiss Defendant Martinsville Corral, Inc.'s counterclaims.  DirecTV's complaint against the Spinas and their restaurant MCI asserts that they improperly used a residential programming account instead of a commercial account to broadcast DirecTV programming.  The Spinas seek to be dismissed as individuals, and DirecTV seeks to dismiss MCI's counterclaims in their entirety.  For the reasons set forth below, the Magistrate Judge recommends Defendants' motions to dismiss [Filing Nos. 15, 35] be granted in part and denied in part, and DirecTV's motion to dismiss MCI's counterclaims [Filing No. 22] be granted.

## II.  Discussion

### A.  Standard of Review

Fed. R. Civ. P. 8 imposes a notice pleading standard for a complaint, requiring a short and plain statement of the claim that the pleader asserts entitles it to relief.  Under Fed. R. Civ. P. 12(b)(6) a complaint must contain sufficient factual allegations that, when accepted as true, state a claim to relief that is plausible on its face.  *Aschcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible when a plaintiff pleads factual content "that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678.  Specific facts are not necessary.  Plaintiff need only give defendant fair notice of what the claim is and the grounds upon which it rests.  *Id.*

---

[2]  Before these cases were consolidated, Victor Spina filed a motion to dismiss [Filing No. 35] in one case, and Victor and William Spina filed a joint motion to dismiss [Filing No. 15] in the other case.  Both of these motions assert the same argument to which DirecTV filed the same response.  Accordingly, the Court addresses these motions to dismiss together.

**B.  Victor and William Spinas' motions to dismiss**

*1.  DirecTV's conversion claim*

The Spinas and MCI seek to dismiss DirecTV's conversion claim because it is preempted by the Copyright Act and does not apply to satellite programming.  This Court has previously found that the Copyright Act preempts any claim for theft or conversion under state law absent an extra element that makes the conversion claim different from the federal copyright infringement claim.  *DirecTV v. Beecher*, 296 F.Supp. 2d 937, 944 (S.D. Ind. 2003).  DirecTV asserts no extra element to its conversion claim and fails to show how intangible property can be the basis for the claim.  In fact, DirecTV fails to respond at all to the Spinas and MCI's conversion argument.  Failure to respond to an argument constitutes waiver.  *Bonte v. U.S. Bank, N.A.,* 624 F.3d 461, 466 (7th Cir. 2010).  Accordingly, DirecTV's conversion claim should be dismissed.

*2.  Spinas' personal liability*

The Spinas also seek to dismiss the interception claims DirecTV alleges against them as individuals under 47 U.S.C. § 605(e)(3)(C).  They argue that DirecTV's complaint fails to sufficiently allege that the Spinas had supervision or control over the infringing activities, or that they reaped some commercial benefit as is required under the federal statute.  To support their argument, the Spinas rely on *J&J Sports Prods. Inc. v. MayrealII, LLC*, ELH-11-3345 (D. Md. Feb. 1, 2012).  *MayrealII* dismissed plaintiff's interception claim for being insufficient as it failed to distinguish between the individual defendants in alleging that defendants unlawfully intercepted subscription programming.  However, DirecTV's complaint is distinguishable from *MayrealII*.  Unlike *MayrealII,* DirecTV's claim sets forth enough detail to withstand a 12(b)(6) challenge.  DirecTV's claim alleges: (1) that Defendants Victor and William Spina "were

3

individuals with supervisory capacity and control over the activities" occurring within MCI; (2) that they received a financial benefit from the operations of MCI; and (3) that they "were the individuals with close control over the internal operating procedures and employment practices" of MCI on June 4, 2014, the night DirecTV alleges Defendants displayed DirecTV satellite programming without obtaining a valid commercial subscription.  [Filing No. 7, at ECF p. 4, 6-7.]

Contrary to the Spinas' assertions, DirecTV's failure to allege that the Spinas acted as MCI's alter ego is not fatal to DirecTV's claim.  Given that DirecTV's complaint sufficiently asserts that the Spinas had supervisory capacity or control of the place where the interception occurred and benefited financially from the interception, it need not claim that the Spinas were MCI's alter ego.  *J&J Sports Productions, Inc. v. Ruiz*, No. 14-cv-2973, 2015 WL 587060, at *3 (N.D. Ill. Feb. 11, 2015).  Accordingly, DirecTV's interception claim gives the Spinas fair notice of what the claim is and the grounds upon which it rests.  *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007); *see, e.g., J&J Sports Productions, Inc. v. Salazar*, No. 13-cv-7883, 2014 WL 6461606, at *2-3 (N.D. Ill. Nov. 18, 2014).  DirecTV's interception claim should not be dismissed.

**C.  DirecTV's motion to dismiss MCI's counterclaims**

*1.    Breach of contract claim*

DirecTV seeks to dismiss MCI's breach of contract claim because MCI fails to establish the existence of a contract under Indiana law.  MCI must establish three elements to recover under a breach of contract claim: (1) the existence of a contract; (2) a breach of that contract by the counter-defendant; and (3) damages suffered by the counter-plaintiff as a result of the counter-defendant's breach.  *Nikish Software Corp. v. Manatron, Inc.,* 801 F.Supp. 2d 791, 800

(S.D. Ind. 2011) (citing *Collins v. McKinney*, 871 N.E.2d 363, 369 (Ind. Ct. App. 2007)).

DirecTV argues that MCI's counterclaim fails to attach or reference a contract between DirecTV and MCI.  According to DirecTV, no such contract existed with MCI as a corporation.  The only agreement in existence in relation to MCI was allegedly Victor Spina's residential account, which DirecTV asserts he improperly used at MCI.  [Filing No. 23, at ECF p. 9.]

Even if there were a contract between MCI and DirecTV, DirecTV argues that MCI fails to indicate what provision, if any, DirecTV breached, and how DirecTV's breach of the contract was a cause in fact for the loss MCI alleges it suffered.  Without this information, DirecTV argues MCI's counterclaim is insufficient and should be dismissed.  In response, MCI asserts that its pleadings adequately allege its breach of contract claim.  Specifically, MCI's breach of contract alleges:

1.  DirecTV agreed with MCI that DirecTV would make its TV Programming available to MCI;

2.  MCI paid DirecTV monthly in exchange for DirecTV making TV Programming available to MCI;

3.  DirecTV breached its agreement with MCI by failing to make its TV Programming available to MCI;

4.  DirecTV's breach was willful, malicious and in bad faith;

5.  MCI has been damaged by DirecTV's breach.

[Filing No. 16, at ECF p. 15.]

While specific facts are not necessary at the pleadings phase, MCI's pleadings fail to give DirecTV notice as to what kind of contract MCI and DirecTV entered into and what provisions DirecTV allegedly breached.  Without more, the Magistrate Judge cannot draw a reasonable inference that DirecTV is liable for the misconduct MCI alleges.  *See Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").  This is especially true because DirecTV states that it

5

had no contract with MCI.  Accordingly, MCI's breach of contract counterclaim should be dismissed.  However, the Magistrate Judge recommends that this counterclaim be dismissed without prejudice as the deadline for amending the pleadings is September 30, 2015.  [Filing No. 30, at ECF p. 4.]  MCI should have an opportunity to amend its counterclaim before the pleadings deadline to include facts about the relevant contract and provisions it claims DirecTV breached, provided MCI can do so in compliance with Rule 11.

        *2.  Tortious interference with business relationships claim*

DirecTV seeks to dismiss MCI's tortious interference with business relationships claim because MCI fails to allege the elements of the claim as required under Indiana law.  To prevail on an action for tortious interference with business relationships, MCI must show: (1) the existence of a valid relationship; (2) the counter-defendant's knowledge of it; (3) the counter-defendant's intentional interference with that relationship; (4) the absence of justification; and (5) damages resulting from the counter-defendant's wrongful interference with the relationships. *Sublett v. Larue*, No. 4:12-cv-52-SEB-TAB, 2013 WL 1296438, at \*4 (S.D. Ind. Mar. 27, 2013) (citing *Levee v. Beeching*, 729 N.E.2d 215, 222 (Ind. App. 2000)).  Illegal conduct by the counter-defendant is another essential element of this tort.  *Reginald Martin Agency, Inc. v. Conseco Medical Ins. Co*., 388 F.Supp. 2d 919, 930 (S.D. Ind. 2005).

MCI's pleadings allege: that MCI had a valid business relationship with its customers that was based in part on the availability of DirecTV's television programming; that DirecTV knew of the relationships between MCI and its customers in part because DirecTV installed and activated the equipment in MCI for receiving DirecTV programming; and that DirecTV received monthly subscription payments from MCI.  MCI's counterclaim further alleges that DirecTV intentionally interfered in the relationships between MCI and its customers by terminating its

television programming without justification, which caused MCI's damages.  [Filing No. 16, at ECF p. 16.]

DirecTV argues that this counterclaim is insufficient for two reasons.  First, it fails to allege any illegal conduct on the part of DirecTV so as to satisfy the pleading requirement.  Second, MCI's counterclaim concludes that DirecTV acted without justification but fails to provide any facts in support of this allegation.  MCI asserts that its counterclaim satisfies the illegal conduct element of the tortious interference with business relationships claim because DirecTV acted illegally when it breached its contract with MCI.  However, MCI's counterclaim does not expressly allege this assertion.

Moreover, MCI has not directed the Court to any comparable case where the Court has found breach of contract to be illegal conduct.  To be sure, MCI's assertion that DirecTV's breach constitutes illegal conduct is not consistent with what courts have identified as non-criminal acts that satisfy the illegal conduct element. *See, e.g., Reginald Martin Agency, Inc. v. Conseco Medical Ins. Co.,* 388 F.Supp. 2d 619, 932 (S.D. Ind. 2005) (holding that fraud satisfied the illegal conduct requirement); *Associates Financial Services Co. Inc. v. Bowman, Heintz, Boscia & Vician PC* 2001 WL 619381, at *8 (S.D. Ind. 2001) (filing a lawsuit for the improper purpose of intimidation and economic duress amounted to illegal conduct); *Gaskins v. Vencor, Inc.,* 2001 WL 300517, at *26 (S.D. Ind. 2001) (finding sexual harassment to satisfy the illegal conduct element); *United States v. FKW, Inc.* 997 F.Supp. 1143, 1153 (S.D. Ind. 1998) (violating the Federal False Claims Act constituted illegal conduct); *see also Syndicate Sales, Inc. v. Hampshire Paper Corp.*, 192 F.3d 633, 641-42 (7th Cir. 1999) (violating the Federal Trademark Dilution Act satisfied the illegal conduct requirement).  The Magistrate Judge is not persuaded that DirecTV's conduct as alleged in the counterclaim satisfies the illegal conduct element.

Furthermore, MCI provides no facts to support its conclusory allegation that DirecTV acted without justification.  Thus, DirecTV's motion to dismiss MCI's tortious interference with business relationships claim should be granted.

       *3.  Abuse of process claim*

      DirecTV argues that MCI's pleadings for the abuse of process claim fail to show that DirecTV had an ulterior motive and that its use of process would not be proper in the normal prosecution of the case.  *Conner v. Howe*, 344 F.Supp. 2d 1164, 1175 (S.D. Ind. 2004).  MCI's counterclaim asserts that DirecTV's claim is frivolous and thus an abuse of process because DirecTV installed MCI's television equipment, activated its programming, and charged the subscription fees that DirecTV now asserts violates federal law.  Moreover, MCI asserts that DirecTV's process was improper because it "used process in (a) obtaining a summons for this case with knowledge that its claims were frivolous; and (b) causing said summons to be served upon MCI with knowledge that its claims were frivolous and in an attempt to induce MCI to switch from Dish to DirecTV."  [Filing No. 16, at ECF p. 18.]

      However, intent is irrelevant in an abuse of process claim if use of process is procedurally and substantively proper.  To bring an abuse of process case under Indiana law, MCI must show (1) an ulterior purpose or motive; and (2) a willful act in the use of process not proper in the regular conduct of the proceeding.  *International Medical Group, Inc. v. American Arbitration Ass'n*, 149 F.Supp. 2d 615, 631 (S.D. Ind. 2001).  The second element considers whether the use of process was a legitimate use of the judicial system.  *Scott v. Rama, Inc.*, No. 1:13-cv-01750-TWP-DML, 2015 WL 1210121, at *3 (S.D. Ind. Mar. 16, 2015).  Process means "the use of judicial machinery by which a litigant undertakes action in pursuing a legal claim."  *Malibu Media, LLC v. Julien,* No. 1:12-cv-01730-TWP-MJD, 2014 WL 109107, at *2 (S.D. Ind. Jan. 10,

2014). If a party uses the legal process to accomplish an outcome it was designed to accomplish, it cannot be liable under abuse of process. *International Medical Group*, 149 F.Supp. 2d at 631.

MCI must first establish an improper process before the Court will examine DirecTV's motive. *Scott*, 2015 WL 1210121, at *3. MCI asserts that DirecTV abused the process because it willfully served its complaint even though it knew that the case was frivolous. However, abuse of process was not intended to address allegations of a frivolous lawsuit. *National City Bank, Indiana v. Shortridge*, 689 N.E.2d 1248, 1253 (Ind. 1997) ("This standard contemplates something more on the part of an attorney filing suit than a questionable belief as to the merits of a case, or the failure to fully investigate all the facts prior to initiating suit."). Such matters are best handled under Rule 11 and the Court's inherent authority. Abuse of power claims are appropriate under circumstances where, for example, plaintiff mails its complaint against defendant to defendant's clients, partners, and business associates, who have no interest in the litigation, *see*, *e.g.*, *Associates Financial Services Co., Inc. v. Bowman, Heintz, Boscia & Vician, P.C.*, 2001 WL 619381, at *5 (S.D. Ind. Apr. 25, 2001); or where defendant files a second notice of lis pendens to secure interest in a pending personal injury lawsuit days before a decision on the efficacy of defendant's first lis pendens notice, *see, e.g., National City Bank,* 689 N.E.2d at 1253.

In contrast, DirecTV's complaint was used for its intended purpose, which was to initiate a lawsuit against MCI for failing to pay a commercial subscription fee for DirecTV's programming. Absent a showing of improper process, MCI failed to state a claim upon which relief may be granted, and the Court need not address whether DirecTV had an ulterior motive. Accordingly, the Magistrate Judge recommends that the abuse of process claim be dismissed.

## III.  Conclusion

For these reasons, the Magistrate Judge recommends that Victor and William Spinas'

motions to dismiss [Filing Nos. 15, 35] be granted in part and denied in part.  DirecTV's

conversion claim should be dismissed and the interception claim should proceed forward.

DirecTV's motion to dismiss MCI's counterclaims [Filing No. 22] should be granted.  MCI's

tortious interference with business relationships and abuse of process claims should be dismissed

with prejudice.  MCI's breach of contract claim should be dismissed without prejudice.

Any objections to the Magistrate Judge's Report and Recommendation shall be filed with

the Clerk in accordance with 28 U.S.C. § 636(b)(1).  Failure to file timely objections within

fourteen days after service shall constitute waiver of subsequent review absent a showing of

good cause for such failure.

Date:  8/11/2015

_____
Tim A. Baker
U.S. Magistrate Judge
Southern District of Indiana

Distribution:

Julie Cohen Lonstein
LONSTEIN LAW OFFICE
legal@signallaw.com

Paul B. Overhauser
OVERHAUSER LAW OFFICES, LLC
poverhauser@overhauser.com