Exhibit 5
## DECLARATION OF PAUL B. OVERHAUSER

I, Paul B. Overhauser, swear and affirm under penalties of perjury of the laws of Indiana, as follows:

1. I have personal knowledge of the following facts, and can testify to them under oath.

2. Craig Spencer did not produce any documents at his deposition on September 25, 2015 or in response to any subpoena.

3. I communicated with DirecTV's counsel, Julie Lonstein, before she filed the present suit. In particular, on August 11, 2014, I referenced her obligation to conduct a "pre-suit investigation" and stated, "In this case, Rule 11 obligates you to talk directly to the DirecTV installer that installed my client's systems." A copy of the part of this letter is:

> Julie Cohen Lonstein
> August 11, 2014
> Page 3
>
> The results of such a <u>pre-suit investigation</u> will determine whether the plaintiff should proceed with its claims. "A frivolous infringement suit is one [that the plaintiff] knew or, on reasonable investigation, should have known was baseless." *Stephens v. Tech Int'l, Inc.*, 393 F.3d 1269, 1273-74 (Fed. Cir. 2004). "Unjustified litigation" or a "frivolous suit" can form the basis of a finding that the case warrants an award of attorneys' fees to the prevailing party. *See, e.g., id.*; *Beckman Instruments, Inc. v. LKB Produkter AB*, 892 F.2d 1547, 1551 (Fed. Cir. 1989). Such a fee award can be very significant. *See, e.g., Pfizer Inc. v. Teva Pharms. USA, Inc.*, 2011 U.S. Dist. LEXIS 119611 (E.D. VA. Oct. 17, 2011) (awarding $378,285 in attorneys' fees to counterclaim defendants as a result of counterclaim plaintiff's continued litigation of an "objectively baseless" claim for which there was no evidence).
>
> **In this case, Rule 11 obligates you to talk directly to the DirecTV installer that installed my client's systems.**
>
> Monetary and other sanctions for violating Rule 11 are mandatory and can be imposed on the party and on the attorney signing the pleading. Moreover, district courts have broad discretion in imposing sanctions not only under Rule 11, but also 28 U.S.C. § 1927 and for attorney misconduct. *Hair Clinic, Inc. v Puig*, 200 F.3d 1063, 1066 (7th Cir. 2000) (affirming sanction requiring attorney to pay opposing parties' attorney fees of $183,343).
>
> If DirecTV improvidently decides to pursue this matter further, it can expect this case to become a public relations nightmare. My client is well-known in the community and participates in social media, in addition to having a substantial customer base. DirecTV and your Firm were wrong to cut-off a long time, loyal subscriber without notice, and at a crucial time. My client is justifiably outraged by DirecTV's conduct.
>
> My client has no liability to DirecTV. To the contrary, it is DirecTV who is liable to my client.
>
> If you have any questions or concerns, let me know.
>
> Sincerely,
>
> 
>
> Paul B. Overhauser

1

4. In this litigation, DirecTV has served on Defendants 120 Interrogatories, 111 Requests for production, and 74 Requests for Admission. After responding to them, DirecTV demanded supplementation in "73 pages worth of issues." On September 4, 2015, DriecTV demanded a response by September 9, 2015. These are reflected by the below email excerpts:

> **From:** Paul Overhauser [mailto:POverhauser@overhauser.com]
> **Sent:** Wednesday, September 02, 2015 5:24 PM
> **To:** Christopher Hufnagel
> **Cc:** legal; To Be Filed
> **Subject:** RE: DIRECTV, LLC v. Spina, et al. Notice of Discovery Dispute Pursuant to Local Rule 37-1(a) and Request for Amended Responses
>
> Chris,
>
> I will need one more week to finish this. You have raised 73 pages worth of issues, and it is just taking a long time to work through all of them. I apologize for underestimating the size of the task, but I assure you that I am working on this diligently.
>
> Paul

> **From:** Christopher Hufnagel
> **To:** Paul Overhauser
> **Cc:** legal; To Be Filed
> **Subject:** RE: DIRECTV, LLC v. Spina, et al. Notice of Discovery Dispute Pursuant to Local Rule 37-1(a) and Request for Amended Responses
> **Date:** Friday, September 04, 2015 9:50:56 AM
>
> Paul:
>
> We will consent to an additional extension of time for you to respond to the discovery issues raised, up to and including September 9, 2015. This will be the last extension granted by the Plaintiff prior to Court involvement and direction to the parties.

5. Upon my receipt of Spencer's 6/4/2015 Declaration from DirecTV, I tried to contact Spencer to schedule a deposition. At first, he did not return voicemails, and I thought he was blowing me off. However, when we finally spoke, Spencer readily agreed to appear for a deposition. He suggested September 25, 2015 and the location (in Greenfield) and I agreed. I prepared a Notice of Deposition and a subpoena to Spencer. At the same time, I was finalizing a 73-page supplementation of eleven sets of discovery responses that DirecTV had demanded be provided by September 9, 2015. On the day the responses were served on DirecTV, I also served the Notice of Deposition for Spencer's deposition. The undersigned's standard practice when a deposition subpoena *decus tecum* is served is to attach it to the Notice of Deposition, but my records do not confirm whether or not this was done in this case. Because DirecTV's counsel claims it was not attached to the

<u>Notice</u>, I assume that it was not attached.  This failure was inadvertent, and I sincerely apologize to DirecTV, its counsel and the Court.

6. Craig Spencer did not produce any documents at his deposition on September 25, 2015 or in response to the subpoena.

Subscribed and sworn to on the date specified below:

 s/Paul B. Overhauser   11-16-2015
Paul B. Overhauser          Dated