UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DIRECTV, LLC a California limited liability company, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | )<br>) |
| VICTOR A SPINA a/k/a VICTOR A SPINA, JR.; individually, and as officer, director, shareholder, principal, manager, and/or member of Martinsville Corral, Inc., MARTINSVILLE CORRAL, INC. a/k/a SHELBYVILLE TEXAS CORRAL; d/b/a TEXAS CORRAL, WILLIAM SPINA a/k/a WILLIAM ANTHONY SPINA, JR., | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | )<br>) |
| MARTINSVILLE CORRAL, INC., | )<br>) |
| Counter Claimant, | )<br>) |
| vs. | )<br>) |
| DIRECTV, LLC a California limited liability company, | )<br>)<br>) |
| Counter Defendant. | ) |

No. 1:15-cv-00104-JMS-TAB

**REPORT AND RECOMMENDATION ON
PLAINTIFF'S MOTION TO STRIKE AND FOR SANCTIONS**

Plaintiff DIRECTV, LLC asks the Court to strike the deposition of Craig Spencer, a non-party witness, and sanction Defendants' counsel Paul B. Overhauser for issuing an invalid subpoena and disregarding the rules of procedure. As set forth below, the deposition should be stricken and sanctions are appropriate.

The Court's inherent power supplies it with "broad authority to sanction parties who abuse the discovery process." *Houston v. C.G. Sec. Servs., Inc.*, 302 F.R.D. 268, 281 (S.D. Ind. 2014). This inherent power permits the Court to protect the integrity of the judicial system. *Chambers v. NASCO, Inc.,* 501 U.S. 32, 44-45 (1991). Federal Rule of Civil Procedure 30(d)(2) also permits the Court to impose sanctions on "a person who impedes, delays, or frustrates the fair examination of the deponent."

Sanctions serve two main purposes: to penalize a person that fails to follow the rules and to serve as a deterrent from engaging in similar conduct in the future. *Greviskes v. Universities Research Ass'n, Inc.,* 417 F.3d 752, 758–59 (7th Cir. 2005). Whether exercising inherent power or invoking Rule 30, the Court is guided by the principle that a sanction "should be proportioned to the gravity of the offense." *Allen v. Chicago Transit Auth.,* 317 F.3d 696, 703 (7th Cir. 2003). The Court considers "the egregiousness of the conduct in question in relation to all aspects of the judicial process." *Dotson v. Bravo,* 321 F.3d 663, 667–68 (7th Cir. 2003).

On September 29, 2015, the parties appeared before the Magistrate Judge for a telephonic status conference to discuss Spencer's deposition. At the conference, counsel advised the Magistrate Judge that Overhauser served Spencer in South Carolina with a subpoena from the Southern District of Indiana to appear, testify, and bring documents to a deposition at Overhauser's office in Greenfield, Indiana, on September 25, 2015. Overhauser admitted that he never served a copy of the subpoena on counsel for DIRECTV. However, he did serve counsel for DIRECTV with a copy of the Notice of Deposition. Overhauser also explained that Spencer was traveling to Indiana to attend a wedding, did not bring any documents, and appeared voluntarily despite having been served in South Carolina with the subpoena. [Filing No. 56-1, at ECF p. 38.]

It is not necessary to serve a subpoena on a person that voluntarily appears for a deposition. *Hecht v. Don Mowry Flexo Parts, Inc.*, 111 F.R.D. 6, 11 (N.D. Ill. 1986). Overhauser nevertheless chose to serve Spencer with a subpoena, which he now argues is irrelevant to Spencer's appearance at the deposition. The Magistrate Judge acknowledges Spencer's statement that he voluntarily appeared at the deposition. [Filing No. 65-3.] However, the fact that he was served with a purportedly valid subpoena makes his after-the-fact claim suspicious. This is particularly so given that Spencer arrived at the deposition with the subpoena in hand. [Filing No. 56-1, at ECF p. 38.] Moreover, Spencer has been and continues to be unrepresented by counsel. The Magistrate Judge declines to summarily conclude that Spencer voluntarily appeared notwithstanding the subpoena. Even so, the focus here is not on Spencer's "voluntary appearance." The focus here is on Overhauser's conduct. As an officer of the court, when Overhauser served Spencer with a subpoena, he was obliged to follow the applicable rules. *Id.* at 11. He did not.

Rule 45, which governs depositions of non-parties, states in part, "[i]f the subpoena commands the production of documents . . . then before it is served on the person to whom it is directed, a notice and a copy of the subpoena must be served on each party." Fed. R. Civ. P. 45(a)(4). Parties generally lack standing to move to quash a subpoena served on a non-party, but an exception may apply if a party "claims some personal right or privilege in respect to the subject matter of a subpoena duces tecum directed to a nonparty." *Bell v. Lantz,* No. 1:13-CV-0035-TWP-DKL, 2015 WL 6609290, at *2 (S.D. Ind. Oct. 30, 2015).

It is undisputed that Overhauser failed to serve a copy of the subpoena on DIRECTV as required by Rule 45(a)(4). Overhauser argues this was an inadvertent oversight and does not warrant sanctions. However, DIRECTV's evidence demonstrates the opposite. Overhauser

3

repeatedly ignored DIRECTV's inquiries about the subpoena prior to Spencer's deposition. [Filing No. 56-1, at ECF p. 23, 26, 28, 31.] Counsel for DIRECTV was not informed of the subpoena until the deposition began, at which point it had no ability to move to quash the subpoena. Overhauser characterizes Spencer as a DIRECTV insider and whistleblower, which signals that DIRECTV may claim some personal right or privilege in Spencer's testimony, providing grounds for standing to quash the subpoena. Counsel for DIRECTV should have had the opportunity to review the subject matter of the subpoena in advance of Spencer's deposition, but it was never served with a copy. Overhauser thus violated Rule 45(a)(4) and DIRECTV was prejudiced by the violation.

Rule 45 also geographically limits subpoena power. The rule states in relevant part, "a subpoena may command a person to attend a … deposition … within 100 miles of where the person resides, is employed, or regularly transacts business in person." Fed. R. Civ. P. 45(c)(1)(A). The issuing court must quash or modify a subpoena served on a non-party more than 100 miles from the courthouse. Id. 45(c)(A)(ii).

Overhauser flouted the 100-mile limitation. At the September 2015 status conference, Overhauser agreed he served Spencer with a subpoena despite Spencer being geographically outside the Court's subpoena power. However, Overhauser now argues that he complied with the geographical limitation because Spencer regularly transacts business in Carmel, Indiana—notably, an argument he failed to make during the conference. [Filing No. 65, at ECF p. 7.] DIRECTV contends that Overhauser's new premise of Spencer regularly transacting business in Carmel is a ruse. Despite Spencer's declaration that he "regularly transacts business [in Carmel] in person," Spencer states that the reason he was not deposed in South Carolina is because he was in Indiana to attend a wedding. [Filing No. 65-3.]

Spencer may have family in Indiana, but his claim to regularly transact business in Indiana smells fishy. As DIRECTV points out, Spencer used the subpoena to get out of work in South Carolina and did not claim to work or regularly transact business in Indiana prior to making a conclusory statement to that effect in November 2015. [Filing No. 65-3.] Spencer made all of his sworn statements in South Carolina and Spencer received the subpoena in South Carolina.[1] [Filing No. 65-1; 65-3; 56-1, at ECF p. 38.] Spencer's statements therefore appear both internally inconsistent and inconsistent with the evidence. The more likely conclusion is that Spencer has only been to Indiana once since this case began, and it was not to conduct business.

Even if Spencer has some business ties to Indiana, it does not excuse Overhauser's abuse of the discovery process. Overhauser intended to circumvent the rules, as evidenced by his lack of awareness of any business ties Spencer had to Carmel when he issued the subpoena. Spencer testified that when Overhauser contacted him to ask whether he would be in Indiana anytime soon, he responded that he was traveling to Indiana in a month or so for his son's wedding. [Filing No. 65-4, at ECF p. 18.] As further evidence of his desire to circumvent the rules, Overhauser only served counsel for DIRECTV with a copy of the Notice of Deposition and not the subpoena. Overhauser is retroactively fitting the rules to justify issuing an invalid subpoena, which certainly was designed to secure Spencer's appearance for his deposition.

Although the Court is left to guess how often Spencer indeed travels to Carmel to conduct business, it is a stretch to say that he opened himself up to this Court's jurisdiction by attending occasional meetings in Carmel. Occasionally traveling to Caramel for business is not

---

[1] The Court will not consider statements attributed to Spencer in one declaration submitted with Defendant's brief. [Filing No. 65-2.] That declaration is unsigned, and thus is a nullity.

the same as regularly transacting business there. Overhauser's subpoena was invalid because Spencer did not regularly transact business in person in Carmel and was therefore not within the geographical limitation of Rule 45.

Rule 45 also requires that the party serving the subpoena pay the non-party a witness fee and mileage. *E.g., Jump v. Montgomery Cty.*, No. 13-CV-3084, 2015 WL 7348207, at *1 (C.D. Ill. Nov. 20, 2015). "[I]f the subpoena requires that person's attendance" at the deposition, the person serving the subpoena must "tender[] the fees for 1 day's attendance and the mileage allowed by law." Fed. R. Civ. P. 45(b)(1). It is undisputed that Overhauser served Spencer with a subpoena and failed to compensate him with the witness fee and mileage. Overhauser argues that Spencer did not incur any travel expenses. However, as DIRECTV points out, Overhauser should have at least paid Spencer a fee for attending the deposition since the subpoena required his attendance. Thus, Overhauser violated Rule 45(b)(1). While the failure to tender a witness fee is not sanctionable, this omission further suggests Overhauser was playing fast and loose with the rules of procedure by conveniently ignoring his duty to tender this fee.

The undeniable conclusion is that Overhauser's decision to issue an invalid Indiana subpoena to an unrepresented non-party witness in South Carolina was inappropriate and sanctionable under Rule 30(d)(2) and the Court's inherent power. As an officer of this Court, Overhauser's decision to issue this invalid subpoena is alarming. Without some consequence, the Court would be condoning Overhauser's misconduct. The Magistrate Judge therefore recommends that DIRECTV's motion to strike and for sanctions [Filing No. 56] be granted to the extent that Spencer's deposition should be stricken and reasonable fees and costs shall be awarded. Reasonable fees and costs in this instance shall be limited to fees and costs incurred in

bringing the present motion.  If the parties cannot stipulate to an amount, DIRECTV may submit a petition for attorney's fees within 30 days after this recommended decision is adopted.

As a practical matter, the Magistrate Judge recommends to the parties that they stipulate to using portions of Spencer's September 2015 deposition.  If the parties cannot agree to do so, leave is given to conduct another deposition of Spencer within 45 days of adoption, assuming he is willing to travel to Indiana and be deposed.[2]  Of course, if Spencer really does frequently travel to Carmel on business, rescheduling Spencer's deposition should not be overly problematic.  However, absent a stipulation or new deposition, the parties shall be barred from using any portion of Spencer's September 2015 deposition testimony or any evidence obtained during the deposition.

Any objections to the Magistrate Judge's Report and Recommendation shall be filed with the Clerk in accordance with 28 U.S.C. § 636(b)(1).  Failure to file timely objections within fourteen days after service shall constitute waiver of subsequent review absent a showing of good cause for such failure.

Date: 3/16/2016

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

Copies to be distributed to
all counsel of record through
the Court's electronic filing system.

T.C. OF MARTINSVILLE LLC

---

[2] The Magistrate Judge declines to recommend an award of fees for a second deposition.  If a deposition is really needed, stipulating to portions of the first deposition makes the most sense.  Declining to award fees for a second deposition may also encourage such a stipulation.  And if a second deposition does occur, it will occur conveniently for counsel in Indianapolis and should proceed efficiently given counsel previously deposed Spencer on the same topics.