UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DIRECTV, LLC a California limited liability company, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) ) |
| VICTOR A SPINA a/k/a VICTOR A SPINA, JR.; individually, and as officer, director, shareholder, principal, manager, and/or member of Martinsville Corral, Inc., MARTINSVILLE CORRAL, INC. a/k/a SHELBYVILLE TEXAS CORRAL; d/b/a TEXAS CORRAL, WILLIAM SPINA a/k/a WILLIAM ANTHONY SPINA, JR., | ) ) ) ) ) ) ) ) ) |
| Defendants. | ) ) |
| MARTINSVILLE CORRAL, INC., | ) ) |
| Counter Claimant, | ) ) |
| vs. | ) ) |
| DIRECTV, LLC a California limited liability company, | ) ) ) |
| Counter Defendant. | ) |

No. 1:15-cv-00104-JMS-TAB

**REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION TO DISMISS**

Pending before the Court is Plaintiff DIRECTV, LLC's motion to dismiss Defendant Martinsville Corral, Inc.'s amended counterclaim. For the reasons set forth below, the Magistrate Judge recommends that DIRECTV's motion to dismiss [Filing No. 68] be granted.

DIRECTV responded to MCI's amended counterclaim with a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), asserting that MCI failed to state a claim upon which

relief can be granted. As an initial matter, DIRECTV supports its motion to dismiss with two exhibits—a purported printout from the Indiana Secretary of State website and a customer agreement. [Filing Nos. 69-1 and 69-2.] Neither exhibit was attached to the amended counterclaim [Filing No. 59], and DIRECTV does not ask the Court to take judicial notice of the printout. Rule 12(b)(6) requires the Court to base its decision upon the facts alleged in the amended counterclaim. In light of DIRECTV's submission of additional evidence, the Court has two options. It may convert the motion to dismiss into a motion for summary judgment and invite additional evidence from MCI, or it may ignore the evidence and rule on the motion. *Lifanda v. Elmhurst Dodge, Inc.*, 237 F.3d 803, 806 (7th Cir. 2001). MCI's response points out that summary judgment is the appropriate time to introduce outside facts, but MCI does not ask for the motion to be converted to a motion for summary judgment and DIRECTV does not address the issue in its reply. Accordingly, the Magistrate Judge declines to convert DIRECTV's motion to dismiss into a motion for summary judgment and does not consider the two exhibits filed by DIRECTV.

To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must state enough facts that, when accepted as true, "state a claim for relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007) (discussing Fed. R. Civ. P. 12(b)(6)); *Def. Sec. Co. v. First Mercury Ins. Co.*, 803 F.3d 327, 334 (7th Cir. 2015). The purpose is to test the sufficiency of the allegations in the complaint, not the merits of the case. *Ctr. for Dermatology & Skin Cancer, Ltd. v. Burwell*, 770 F.3d 586, 588 (7th Cir. 2014). "But allegations in the form of legal conclusions are insufficient[, a]s are threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *First Mercury*, 803 F.3d at 334. In determining whether to dismiss a claim, a court must "accept as true the well pleaded factual

allegations, drawing all reasonable inferences in favor of the plaintiff." *Ctr. for Dermatology & Skin Cancer, Ltd., 770 F.3d at 588*.

MCI's amended counterclaim only contains a breach of contract claim. [Filing No. 59.] DIRECTV argues that MCI's breach of contract claim should be dismissed because MCI fails to demonstrate the required elements. Under Indiana law, the three elements of a breach of contract claim are (1) the existence of a contract, (2) the defendant's breach thereof, and (3) damages suffered as a result. *Bible v. United Student Aid Funds, Inc.*, 799 F.3d 633, 644 (7th Cir. 2015); *Nikish Software Corp. v. Manatron, Inc.*, 801 F. Supp. 2d 791, 800 (S.D. Ind. 2011). Each required element of the breach of contract claim is examined below.

  *(1) The existence of a contract*

DIRECTV argues that MCI fails to demonstrate that a contract exists because MCI fails to specifically allege the three elements of a contract—offer, acceptance, and consideration. Without this information, DIRECTV argues that a contract formation is not plausible. MCI contends that its amended counterclaim demonstrates the existence of a contract.

MCI alleges that "[s]tarting in 2009, D[IREC]TV agreed with MCI that D[IREC]TV would make its TV Programming available to MCI on a month-to-month basis." [Filing No. 59, at ECF p. 1.] MCI also alleges that "[i]n June, 2014, D[IREC]TV sent MCI an invoice for $152.88 for a TV Programming subscription" and that "MCI paid D[IREC]TV's invoice using the following check, which D[IREC]TV accepted and deposited in late June, 2014." [Filing No. 59, at ECF p. 2.] Importantly, MCI alleges that "[b]y D[IREC]TV accepting MCI's payment for a subscription, D[IREC]TV became contractually obligated to provide its TV Programming beyond June 27, 2014." [Filing No. 59, at ECF p. 3.]

DIRECTV argues that MCI has not demonstrated that a contract exists because even though MCI's amended counterclaim alleges consideration and acceptance, it does not allege that an offer was made by DIRECTV to MCI. However, to demonstrate the existence of a contract at the pleading stage, MCI "does not need to plead all contract elements if [it] can plead facts showing mutual assent to terms that support the recovery." *Brown v. Club Assist Rd. Serv. U.S., Inc.*, No. 12 CV 5710, 2013 WL 5304100, at *8 (N.D. Ill. Sept. 19, 2013). MCI's allegations, which the Court must accept as true, reasonably suggest that DIRECTV promised to provide MCI with monthly TV Programming in exchange for MCI's payment of a monthly subscription fee. MCI does not specifically allege that DIRECTV *offered* to provide MCI with TV Programming, but MCI plausibly alleges that DIRECTV *agreed* to provide MCI with TV Programming in exchange for payment. This sufficiently demonstrates the existence of a contract at the pleading stage. It is thus inappropriate to dismiss MCI's breach of contract claim for failure to plead the existence of a contract.

  (2)  The Defendant's breach

DIRECTV argues that MCI fails to demonstrate that a breach of contract occurred because MCI fails to allege an oral contract or attach a written contract to its pleading. Without this information, DIRECTV argues that a breach is speculative because it is unclear what contract provision, if any, was allegedly breached. MCI contends that the plain language of its allegation demonstrates that a breach occurred and points to its allegation that "[d]espite having received and deposited MCI's subscription check dated June 20, 2014, D[IREC]TV breached its agreement with MCI by prematurely cutting off MCI's TV Programming on June 27, 2014." [Filing No. 59, at ECF p. 3.]

Despite the fact that MCI merely points to its own allegation and makes no argument that a plausible breach occurred, DIRECTV's two arguments are not supported by case law. First, DIRECTV takes issue with MCI's failure to include a copy of a written contract or allege the existence of an oral contract. But under the liberal pleading standard of the federal rules, MCI "has considerable flexibility in pleading written and oral contracts." *Emmons v. Knox Capital Holdings, LLC*, No. 15 C 2999, 2015 WL 6123544, at *3 (N.D. Ill. Oct. 16, 2015). Under Rule 8, it is sufficient for MCI to merely allege that a contract exists without making a distinction that it was written or oral. *Id.* (citing Fed. R. Civ. P. 8). As just discussed, MCI alleges enough facts to support its argument that a contract existed. Moreover, MCI points the Court to an allegation which plausibly alleges that DIRECTV breached its contract when it cut off MCI's TV Programming despite taking MCI's payment. MCI's allegation makes it plausible that a contract between DIRECTV and MCI, either oral or written, was breached.

Second, DIRECTV takes issue with MCI's failure to allege the breach of a specific provision of the alleged contract.[1] However, this is not a case like *Nat'l Tech., Inc. v. Repcentric Sols.*, No. 13 C 1819, 2013 WL 6671796, at *2 (N.D. Ill. Dec. 18, 2013), where the court held that "[w]ithout identifying a provision of the [contract] that was actually breached, [plaintiff] cannot allege a claim for breach of contract." In *Nat'l Tech., Inc.*, the alleged breach was defendant's failure to recruit sales representatives. *Id.* However, the contract was not alleged to include any language requiring the defendant to recruit sales representatives. *Id.* As such,

---

[1] DIRECTV points out that this Court's prior order states, "MCI should have an opportunity to amend its counterclaim … to include facts about the relevant contract and provisions it claims D[IREC]TV breached." [Filing No. 41, at ECF p. 6.] As this section explains, MCI has included sufficient facts to notify DIRECTV about the breach of contract. Moreover, case law dictates that MCI can survive a motion to dismiss without specifically alleging a provision that was breached.

5

plaintiff failed to allege a plausible breach because it failed to identify a contract requirement that was breached. *Id. Nat'l Tech*. did not emphasize plaintiff's need to specify a contract provision in order to demonstrate a breach occurred.[2] Rather, it emphasized plaintiff's need to connect the alleged breach to a requirement in the contract. *Id.; see also LaSalle Bank Nat'l Assoc v. Paramont Properties*, 588 F. Supp. 2d 840, 856 (N.D. Ill. 2008) (dismissing a claim for breach of contract where the contract did not require the actions that plaintiff alleged constituted a breach). Here, the alleged breach of contract is DIRECTV's early termination of MCI's TV Programming, in violation of the alleged contract that DIRECTV would provide MCI with TV Programming in exchange for payment. The facts alleged by MCI are sufficient to put DIRECTV on notice about what alleged breach occurred without specifying a contract provision.

MCI plausibly alleges that DIRECTV breached its alleged contract with MCI. MCI was not required to specifically set forth whether the alleged contract was oral or written, nor was it required to set forth a specific contract provision that was breached. Dismissal is therefore not appropriate for failure to allege a breach.

    *(3)    Damages suffered as a result*

The more difficult issue before the Court is whether MCI adequately pleaded damages. DIRECTV argues that MCI fails to sufficiently allege damages resulting from a breach of contract because MCI fails to allege what harm it suffered and that DIRECTV was the cause. Without these allegations, DIRECTV argues that it is speculative whether any damages were the result of the alleged breach by DIRECTV. MCI points to its allegation that "MCI was damaged

---

[2] *Nat'l Tech., Inc*. centered on a contract that was subject to the statute of frauds, so the fact that the contract was memorialized in writing was important in that case. However, MCI alleges that its contract with DIRECTV was a monthly subscription, which would not be subject to the statute of frauds. Thus, the availability of a written contract between MCI and DIRECTV is not essential at this stage.

by D[IREC]TV's breach" and argues that failing to receive TV Programming for the duration of the subscription period constitutes damages. [Filing No. 59, at ECF p. 3.] For the reasons explained below, the Magistrate Judge agrees with DIRECTV.

Not only is MCI's pleading of damages threadbare, but its argument opposing dismissal is too. MCI's four-page response brief spends merely one page on this issue, and defends its damage allegation by pointing out that "[i]f an item of special damage is claimed, it must be specifically stated." Fed. R. Civ. P. 9(g). MCI contends that it is not seeking special damages and that general damages will be determined during discovery. However, MCI's suggestion that alleging facts is only required when claiming special damages contravenes the basic theory of pleading the element of damages for a breach of contract claim. MCI must allege sufficient facts that indicate that DIRECTV's alleged breach of contract caused some type of harm or loss to MCI. See Endencia v. ADT Sec. Servs., Inc., No. 08 C 4541, 2008 WL 4833111, at *4 (N.D. Ill. Oct. 28, 2008) (dismissing a breach of contract claim because plaintiff failed to allege an actual loss or measurable damages resulting from the breach).

MCI's damage allegation does not meet the standard set in *Twombly,* 550 U.S. at 555, warranting dismissal of its claim. MCI merely alleges the legal conclusion that it was damaged as a result of DIRECTV's alleged breach of contract, couched as a factual allegation. MCI alleges no facts that indicate what damage resulted from DIRECTV's early termination of the TV Programming. To survive this stage, MCI is not required to allege an actual amount of damages; MCI is only required to generally plead the damages it suffered as a result of the breach. Fed. R. Civ. P. 8. MCI could have alleged facts that demonstrate how it was harmed without TV Programming. For example, what duration of the subscription did MCI lose or what TV Programming could not be displayed? [Filing No. 73, at ECF p. 5.] Yet, MCI only pleads

7

the legal conclusion that "MCI was damaged by D[IREC]TV's breach." [Filing No. 59, at ECF p. 3.] MCI was also permitted to present evidence outside the pleadings in responding to DIRECTV's motion to dismiss to demonstrate the damages MCI expects to prove. *Geinosky v. City of Chicago,* 675 F.3d 743, 745 n.1 (7th Cir. 2012). Yet, MCI only argues in its response that "[f]ailing to get what you bargained for constitutes damages." [Filing No. 72, at ECF p. 3.] MCI did not have to prove that it suffered a harm or loss, but it did have to plead it, or at least bring some harm or loss to the Court's attention in its response. *Def. Sec. Co.*, 803 F.3d at 335. MCI did not. For this reason, MCI has failed to adequately plead the required element of damages and dismissal of its breach of contract claim is therefore appropriate.

MCI's counterclaim has faced a number of challenges, which weigh on the final issue—whether MCI's claim should be dismissed with or without prejudice. After partially surviving a motion to dismiss [Filing No. 43] and narrowly being granted leave to amend over DIRECTV's objections [Filing No. 58], the present motion should mark the end of the road for MCI's counterclaim. When MCI survived DIRECTV's first motion to dismiss, the Court emphasized that MCI could amend its counterclaim, so long as it could do so in compliance with Rule 11. [Filing No. 41, at ECF p. 6.] However, MCI failed to provide factual allegations for all elements of its claim. Furthermore, whatever challenges may exist in pleading factual allegations of damages for a breach of contract claim, MCI must still comply with *Twombly*. MCI fails to do so, and thus dismissal with prejudice is appropriate. The Magistrate Judge therefore recommends that DIRECTV's motion to dismiss MCI's amended counterclaim [Filing No. 68] be granted.

Any objections to the Magistrate Judge's Report and Recommendation shall be filed with the Clerk in accordance with 28 U.S.C. § 636(b)(1). Failure to file timely objections within

fourteen days after service shall constitute waiver of subsequent review absent a showing of good cause for such failure.

Date: 3/16/2016

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

Copies to be distributed to
all counsel of record through
the Court's electronic filing system.

T.C. OF MARTINSVILLE LLC