UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DIRECTV, LLC, *a California limited liability company*,<br>    *Plaintiff*,<br><br>    v.<br><br>VICTOR A. SPINA *a/k/a Victor A. Spina, Jr.*, *individually and as officer, director, shareholder, principal, manager, and/or member of Martinsville Corral, Inc.*, MARTINSVILLE CORRAL, INC. *d/b/a Texas Corral a/k/a Shelbyville Texas Corral*, and WILLIAM SPINA, *a/k/a William Anthony Spina, Jr.*,<br>    *Defendants.*<br><br>MARTINSVILLE CORRAL, INC.,<br>    *Counter Claimant*,<br><br>    v.<br><br>DIRECTV, LLC, *a California limited liability company*,<br>    *Counter Defendant*. | 1:15-cv-00104-JMS-TAB |

## **ORDER**

Presently pending before the Court are: (1) an Objection to Report and Recommendation on Plaintiff's Motion to Strike and for Sanctions, filed by Defendants Victor Spina, Martinsville Corral, Inc. ("MCI"), and William Spina (collectively "Defendants"), [Filing No. 97]; and (2) an Objection and Motion for Reconsideration of Report and Recommendation on Plaintiff's Motion to Dismiss, filed by MCI, [Filing No. 98]. For the reasons set forth herein, the Court **OVERRULES** Defendants' Objections, [Filing No. 97; Filing No. 98], and **ADOPTS** the Magistrate Judge's Reports and Recommendations as discussed below, [Filing No. 88; Filing No. 89].

## I.
### STANDARD OF REVIEW

Federal Rule of Civil Procedure 72(b)(3) provides that the Court will review recommendations on dispositive motions *de novo*. Under *de novo* review, the Court is free to accept, reject, or modify the recommended disposition. Fed. R. Civ. P. 72(b)(3). Although no deference is owed to a magistrate judge's recommendation under the *de novo* standard, *Blake v. Peak Prof. Health Servs. Inc.*, 1999 WL 527927, *2 (7th Cir. 1999), it is important to remember that this Court is essentially functioning as an appellate court in this context. Thus, even under *de novo* review, "arguments not made before a magistrate judge are normally waived." *United States v. Melgar*, 227 F.3d 1038, 1040 (7th Cir. 2000). As the Seventh Circuit Court of Appeals has observed, "there are good reasons for the rule," even in the context of *de novo* review. *Id.* Failure to fully develop arguments before the magistrate judge may prejudice a party, and "a willingness to consider new arguments at the district court level would undercut the rule that the findings in a magistrate judge's report and recommendation are taken as established unless the party files objections to them." *Id.*

When a motion is nondispositive, the Court must modify or set aside any part of the magistrate judge's order that is "clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A). "The clear error standard means that the district court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Industries Co., Ltd.*, 126 F.3d 926, 943 (7th Cir. 1997). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Pain Center of SE Indiana, LLC v. Origin Healthcare Solutions, LLC*, 2014 WL 6674757, *2 (S.D. Ind. 2014) (citations and quotation marks omitted).

## II.
### OBJECTION TO REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION TO STRIKE AND FOR SANCTIONS

**A. Background**

Craig Spencer is a non-party witness, and his company is a DirecTV reseller. [Filing No. 65-4 at 3.] In September 2015, Defendants' counsel, Paul Overhauser, served a subpoena on Mr. Spencer in South Carolina to attend a deposition in Indiana. [Filing No. 88 at 2.][1] The subpoena also requested that Mr. Spencer produce certain documents. [Filing No. 88 at 2.] DirecTV's counsel received a copy of a Notice of Deposition for Mr. Spencer on September 14, 2015 from Mr. Overhauser's office, but Mr. Overhauser did not serve a copy of the subpoena on counsel for DirecTV. [Filing No. 88 at 2.]

Subsequently, DirecTV's counsel attempted on several occasions to confirm with Mr. Overhauser whether Defendants had subpoenaed Mr. Spencer, or whether he was appearing for his deposition voluntarily. [*See, e.g.*, Filing No. 56-1 at 1-3.] Mr. Overhauser refused to provide that information. [Filing No. 56-1 at 1-3.] Mr. Spencer's deposition took place at Mr. Overhauser's office in Greenfield, Indiana on September 25, 2015, with counsel for DirecTV participating telephonically. [Filing No. 56-1 at 3-4.] Mr. Overhauser asked Mr. Spencer if he was attending the deposition voluntarily and Mr. Spencer responded that he was. [Filing No. 56-1 at 34-35.] Mr. Spencer also testified, however, that he had received a subpoena from Mr. Overhauser to attend the deposition. [Filing No. 56-1 at 37-38.]

---

[1] The Court draws in part from the Magistrate Judge's Report and Recommendation in setting forth the background facts, which are largely undisputed by the parties.

DirecTV filed a Motion to Strike and for Sanctions on October 28, 2015, arguing that Mr. Overhauser blatantly disregarded the Federal Rules of Civil Procedure by serving an invalid subpoena on an unrepresented, non-party witness. [Filing No. 56; Filing No. 57 at 5-6.] DirecTV argued that the subpoena was invalid because it required Mr. Spencer to travel more than 100 miles to attend the deposition, and specifically noted that Mr. Overhauser admitted in a conference with the Magistrate Judge that he knew the subpoena was invalid, did not serve a copy of the subpoena on counsel for DirecTV, caused an unrepresented, non-party witness undue burden and expense by having him travel from South Carolina to Indiana, and deprived DirecTV of an opportunity to move to quash the subpoena. [Filing No. 57 at 6-8.]

The Magistrate Judge issued his Report and Recommendation on March 16, 2016, recommending that DirecTV's Motion to Strike and for Sanctions be granted to the extent that Mr. Spencer's deposition should be stricken and reasonable fees and costs be awarded pursuant to the Court's inherent authority. [Filing No. 88.] The Magistrate Judge also recommended that the parties stipulate to using portions of Mr. Spencer's deposition and, if they could not agree to do so, that leave be given to conduct another deposition of Mr. Spencer within 45 days of adoption of the Report and Recommendation. [Filing No. 88 at 7.] Defendants timely filed their Objection on March 30, 2016. [Filing No. 97.]

### B. Discussion

Defendants argue in their Objection that Mr. Spencer voluntarily appeared for his deposition, that the inadvertent failure to attach a copy of the subpoena to DirecTV's Notice of Deposition does not warrant sanctions, that the subpoena was not geographically deficient because Mr. Spencer regularly conducts business in Indiana, that there is no evidence Mr. Overhauser violated Fed. R. Civ. P. 45(b)(1) by failing to tender a witness fee, and that sanctions are not appropriate under

either Fed. R. Civ. P. 30(d) or the Court's inherent authority. [Filing No. 97 at 6-14.] Specifically, Defendants argue that DirecTV did not seek sanctions pursuant to the Court's inherent authority, so it was improper for the Magistrate Judge to impose them on that basis. [Filing No. 97 at 14-15.]

In response, DirecTV relies on the arguments it set forth in its Motion to Strike and for Sanctions. [Filing No. 99.]

At the outset, the Court notes DirecTV's Motion to Strike and for Sanctions is both non-dispositive and dispositive in nature. A motion to strike deposition testimony is nondispositive, and a district court must only set aside a decision by a magistrate judge on a nondispositive motion to the extent that it is clearly erroneous or contrary to law. *See* Fed. R. Civ. P 72(a); *Weeks*, 126 F.3d at 943 ("The district court's review of any discovery-related decisions made by the magistrate judge is governed by Rule 72(a) of the Federal Rules of Civil Procedure"). The Seventh Circuit Court of Appeals has instructed that motions for sanctions, however, whether brought pre- or post-trial, are dispositive and a magistrate judge's report and recommendation regarding such a motion must be reviewed *de novo*. *Retired Chicago Police Ass'n v. City of Chicago*, 76 F.3d 856, 869 (7th Cir. 1996). In this case, the difference between clearly erroneous and *de novo* review is irrelevant because, as the Court explains below, the Court agrees with the Magistrate Judge's Report and Recommendation in all respects except one, where the result is the same but the supporting authority is different.

The Court has reviewed the briefing on DirecTV's Motion to Strike and for Sanctions, the Magistrate Judge's Report and Recommendation, and the briefing on Defendants' Objection. The Court notes that the Magistrate Judge is intimately familiar with the facts and procedural posture of this case, and particularly with issues regarding the deposition of Mr. Spencer. The Court has

concluded that Defendants' objections are not well taken under either a *de novo* or clearly erroneous standard of review, and are simply a rehash of the arguments they made in response to the Motion to Strike and for Sanctions.

Specifically, first, the Court rejects Defendants' argument that Mr. Spencer appeared voluntarily for his deposition, so any issues regarding the subpoena are irrelevant. The Court agrees with the Magistrate Judge that the focus here is on Mr. Overhauser's conduct, which undisputedly involved his repeated refusals to provide DirecTV's counsel with information regarding whether Mr. Spencer had been subpoenaed, and the undisputed fact that Mr. Overhauser did not comply with Fed. R. Civ. P. 45 when he failed to serve the subpoena (which requested the production of documents) on DirecTV. The Court finds it unlikely that this failure was inadvertent, given Mr. Overhauser's refusal to answer questions from DirecTV's counsel regarding whether a subpoena had been served on Mr. Spencer. But, inadvertent or not, this failure constituted a violation of Fed. R. Civ. P. 45. Even if Mr. Spencer did not mind attending the deposition – due to his son's wedding in Indiana or for whatever reason – this does not negate the fact that Mr. Overhauser violated the Federal Rules of Civil Procedure.

Second, the Court agrees with the Magistrate Judge that the subpoena violated Fed. R. Civ. P. 45(c) because it required Mr. Spencer to travel more than 100 miles from his residence, employment, or location where he regularly transacts business. Mr. Overhauser admitted to the Magistrate Judge that Mr. Spencer was outside of Rule 45's geographical limitation when he served the subpoena. [Filing No. 88 at 4.] Mr. Spencer's new claim that he regularly transacts business in Carmel, Indiana is contradicted by the fact that Mr. Spencer stated that attending a deposition in Indiana was convenient because his son was getting married there. [*See* Filing No. 65-3.] Put

simply, Mr. Spencer's claim that he regularly transacts business in Indiana "smells fishy," as the Magistrate Judge noted. [Filing No. 88 at 5.]

Third, the Court agrees with the Magistrate Judge's conclusion that Mr. Overhauser did not compensate Mr. Spencer and so violated Fed. R. Civ. P. 45(b)(1). DirecTV's counsel asked Mr. Spencer in his deposition if he was compensated for his attendance at the deposition, and Mr. Spencer replied "No, no." [Filing No. 56-1 at 39.] Mr. Overhauser argues that Mr. Spencer's testimony is confusing, but the Court finds that his testimony could not be clearer.

Fourth, the Court reaches the same conclusion regarding the appropriateness of sanctions as that reached by the Magistrate Judge, albeit through a slightly different route. Defendants are correct that DirecTV did not seek sanctions pursuant to the Court's inherent authority, but this is of no moment. The Court finds that sanctions are appropriate under Fed. R. Civ. P. 30(d)(2) in any event. Rule 30(d)(2) provides that "[t]he Court may impose an appropriate sanction – including the reasonable expenses and attorney's fees incurred by any party – on a person who impedes, delays, or frustrates the fair examination of the deponent." The Court finds that Mr. Overhauser's actions amounted to depriving DirecTV of an opportunity to move to quash the subpoena, and to be present in person for Mr. Spencer's deposition so that DirecTV's counsel could question him in person and examine documents used at the deposition. Mr. Overhauser's actions impeded and frustrated DirecTV's ability to object to Mr. Spencer's deposition, and to fully participate in the deposition. Accordingly, the Court agrees with the Magistrate Judge that sanctions are appropriate, but imposes them under Rule 30(d)(2).

In sum, the Court finds that the Magistrate Judge's Report and Recommendation on the Motion to Strike and for Sanctions is well-reasoned, thorough, and correct. Accordingly, Defendants' Objection, [Filing No. 97], is **OVERRULED**, and the Court **ADOPTS** the Magistrate

Judge's Report and Recommendation except for the basis for sanctions, which the Court finds are more properly imposed pursuant to Fed. R. Civ. P. 30(d)(2) rather than the Court's inherent power. The Court **GRANTS** DirecTV's Motion to Strike and for Sanctions, [Filing No. 56], to the extent that absent an agreement by the parties to use portions of Mr. Spencer's deposition, Mr. Spencer's deposition is **STRICKEN**. Defendants may, however, conduct another deposition of Mr. Spencer within 45 days of this Order, provided that Mr. Overhauser complies with the Federal Rules of Civil Procedure. Additionally, the Court agrees with the Magistrate Judge's recommendation that any further deposition of Mr. Spencer must occur in Indiana, for the convenience of counsel. Obviously, then, the opportunity for an additional deposition is contingent upon Mr. Spencer's willingness to voluntarily travel to Indiana. The Court also **GRANTS** DirecTV's Motion to Strike and for Sanctions, [Filing No. 56], to the extent that DirecTV is entitled to its fees and costs in connection with the motion.

### III.
### OBJECTION TO REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION TO DISMISS

**A. Background**

On April 8, 2015, MCI asserted counterclaims against DirecTV for breach of contract, interference with economic relationships, and abuse of process. [Filing No. 16 at 15-19.] DirecTV moved to dismiss the counterclaims, arguing as to the breach of contract counterclaim that MCI had not adequately alleged the existence of a contract, a breach thereof, damages, or causation. [Filing No. 22; Filing No. 23 at 9-11.] The Magistrate Judge issued a Report and Recommendation on August 11, 2015, recommending dismissal of the breach of contract counterclaim because "MCI's pleadings fail to give DirecTV notice as to what kind of contract MCI and DirecTV entered into and what provisions DirecTV allegedly breached." [Filing No. 42 at 5.] The Magistrate Judge

did not address whether MCI had adequately pled damages. MCI did not object to the Report and Recommendation, and the Court adopted it on August 27, 2015. [Filing No. 43.]

On September 30, 2015, MCI moved to amend its counterclaim, stating that the proposed First Amended Counterclaim "includes sufficient 'facts about the relevant contract and provisions [MCI] claims DirecTV breached.'" [Filing No. 47 at 1.] DirecTV opposed the motion to amend, arguing that MCI still had not pled the existence of a contract or the way DirecTV breached the contract with sufficient specificity. [Filing No. 54 at 3-5.] The Magistrate Judge granted MCI's motion to amend, finding that "Plaintiff's response brief raises good arguments in response to this motion, but Defendant adequately addresses these arguments in its reply brief." [Filing No. 58.]

DirecTV then moved to dismiss the amended counterclaim, arguing again that MCI had not adequately alleged the existence of a contract, how DirecTV breached the contract, or damages or causation. [Filing No. 69 at 12-16.] The Magistrate Judge issued a Report and Recommendation, finding that while MCI had adequately alleged the existence of a contract and a breach thereof, it had not adequately alleged damages. [Filing No. 89 at 3-9.] Specifically, the Magistrate Judge found that MCI's damages allegations were "threadbare," and rejected MCI's contention that it only needed to specifically plead damages if it was seeking "special damages." [Filing No. 89 at 7.] The Magistrate Judge recommended dismissal of MCI's breach of contract counterclaim with prejudice. [Filing No. 89 at 8.] MCI timely filed its Objection on March 30, 2016. [Filing No. 98.][2]

---

[2] MCI titles its Objection as an "Objection and Motion for Reconsideration." [Filing No. 98.] A motion for reconsideration asks a district court to reconsider one of its own, earlier decisions. Because MCI seeks review of the Magistrate Judge's Report and Recommendation, an objection brought under Fed. R. Civ. P. 72 is the proper mechanism for seeking that review and the Court will treat the "Objection and Motion for Reconsideration" simply as an objection. It appears that MCI treats its "Objection and Motion for Reconsideration" only as an objection as well. [*See* Filing No. 98 at 4 (only setting forth the standard of review for an objection).]

### B. Discussion

In support of its Objection, MCI argues that its breach of contract counterclaim should not be dismissed because the Magistrate Judge "implicitly found that the allegation as to damages was sufficient," so that decision is binding on the rest of the litigation under the "law of the case" doctrine. [Filing No. 98 at 5-7.] MCI also argues that it adequately pleads damages, because its damages are "common sense; one who has an agreement with another to receive something in exchange for a payment, but does not get it, has been damaged." [Filing No. 98 at 7.] MCI contends that if the Court concludes that the breach of contract counterclaim should be dismissed, then the dismissal should be without prejudice. [Filing No. 98 at 9-10.]

In response, DirecTV relies on the arguments it set forth in its Motion to Dismiss. [Filing No. 100.]

The Court reviews the Magistrate Judge's Report and Recommendation *de novo*, since a motion to dismiss is a dispositive motion. *See* Fed. R. Civ. P. 72(b)(3). The Court notes that the Magistrate Judge is familiar with the history of MCI's breach of contract counterclaim and, as with the Report and Recommendation on DirecTV's Motion to Strike and for Sanctions, has provided a thorough and reasoned analysis in connection with this Report and Recommendation. The Court will not belabor the issues discussed by the parties, but is compelled to address a few items.

First, MCI argues at length about the "law of the case" doctrine, but did not raise this argument in response to DirecTV's Motion to Dismiss. [*See* Filing No. 72 at 2-4 (arguing only that facts DirecTV sets forth are irrelevant; and that MCI adequately alleges the existence of a contract, a breach of the contract, damages as a result of the breach (and need only state its damages specifically if it is seeking "an item of special damages," which it is not), and causation).] The Seventh Circuit has instructed that "district courts should not consider arguments not raised initially before

the magistrate judge, even [when] their review…is *de novo*," and that there are "good reasons" for this rule, including that "[f]ailure to raise arguments will often mean that facts relevant to their resolution will not have been developed; [and] one of the parties may be prejudiced by the untimely introduction of an argument." *Melgar*, 227 F.3d at 1040. Additionally, "a willingness to consider new arguments at the district court level would undercut the rule that the findings in a magistrate judge's report and recommendation are taken as established unless the party files objections to them." *Id.* The Court will not consider MCI's "law of the case" argument since it raised the argument for the first time in its Objection, but notes that the Magistrate Judge never made an explicit finding regarding the adequacy of MCI's damages allegations, so the doctrine would not apply in any event.

Second, the Court reiterates the Magistrate Judge's recommendation regarding the vague nature of MCI's damages allegations, which include only that "MCI was damaged by DirecTV's breach." [Filing No. 59 at 3.] Federal Rule of Civil Procedure 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting Fed. R. Civ. P. 8(a)(2)). But a complaint, or counterclaim, must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and must "give the defendant fair notice of what the…claim is and the grounds upon which it rests," *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007). While MCI need not detail the amount of damages, it must do more than simply state that it "was damaged." For example, as the Magistrate Judge noted, MCI could have alleged loss of the ability to see certain programming, or loss of a certain length of the subscription. This bit of detail would have provided DirecTV with fair notice of the nature of the counterclaim. MCI chose not to provide any detail, but rather simply repeats the damages element of a breach of

contract claim. The bare-bones allegation that it "was damaged" does not satisfy applicable pleading standards. *See Swanson v. Citibank, N.A.*, 614 F.3d 400, 404-05 (7th Cir. 2010) (threadbare recitations of the elements of a claim "do not add to the notice that Rule 8 demands"); *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) ("courts should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements," as they do not meet the pleading standards set forth in *Twombly* and *Iqbal*). Accordingly, the Court agrees with the Magistrate Judge that MCI's breach of contract counterclaim should be dismissed for failure to adequately allege damages.

Finally, the Court also agrees with the Magistrate Judge that dismissal of the breach of contract counterclaim should be with prejudice. Pursuant to Federal Rule of Civil Procedure 15(a)(1)(B), a plaintiff may amend its complaint as a matter of course in response to a motion to dismiss. *Brown v. Bowman*, 2011 WL 1296274, *16 (N.D. Ind. 2011). The 2009 notes to that rule emphasize that this amendment "will force the pleader to consider carefully and promptly the wisdom of amending to meet the arguments in the motion. A responsive amendment may avoid the need to decide the motion or reduce the number of issues to be decided, and will expedite determination of issues that otherwise might be raised seriatim." MCI chose not to exercise its right to amend as a matter of course pursuant to Rule 15(a)(1)(B) in response to the current Motion to Dismiss but, instead, chose to brief the motion and adjudicate the issues. The Court is not required to give MCI another chance to plead its breach of contract counterclaim because it has already had

multiple opportunities to cure deficiencies in its pleadings.³ *See Emery v. American General Finance, Inc.*, 134 F.3d 1321, 1322-23 (7th Cir. 1998). Considering the procedural history of this case, particularly the fact that MCI has already had the opportunity to re-plead its counterclaim, the Court finds dismissal with prejudice appropriate.

The Court finds the Magistrate Judge's Report and Recommendation on DirecTV's Motion to Dismiss to be factually and legally correct, and well-reasoned. Accordingly, MCI's Objection and Motion for Reconsideration of Report and Recommendation on Plaintiff's Motion to Dismiss, [Filing No. 98], is **OVERRULED**, and the Court **ADOPTS** the Magistrate Judge's Report and Recommendation in full. The Court **GRANTS** DirecTV's Motion to Dismiss Amended Counterclaim, [Filing No. 68], and **DISMISSES WITH PREJUDICE** MCI's breach of contract counterclaim.

## IV.
### CONCLUSION

For the foregoing reasons, the Court:

- **OVERRULES** Defendants' Objection to Report and Recommendation on Plaintiff's Motion to Strike and for Sanctions, [Filing No. 97], to the extent that it **ADOPTS** the Magistrate Judge's Report and Recommendation, [Filing No. 88], except for the basis for sanctions, which the Court finds are more properly imposed pursuant to Fed. R. Civ. P. 30(d)(2) rather than the Court's inherent power;

- **GRANTS** DirecTV's Motion to Strike and for Sanctions, [Filing No. 56], to the extent that absent an agreement by the parties to use portions of Mr. Spencer's deposition, Mr. Spencer's deposition is **STRICKEN**. Defendants may, however, conduct another deposition of Mr. Spencer within 45 days of this Order, provided that Mr. Overhauser complies with the Federal Rules of Civil

---

³ Although the Magistrate Judge had not previously pointed out a deficiency with MCI's damages allegations, DirecTV argued in its initial Motion to Dismiss that MCI had not adequately alleged damages. [Filing No. 23 at 10-11.] In other words, this issue did not come out of the blue, and MCI was aware that DirecTV was making that argument. Moreover, when MCI saw that DirecTV was making the damages argument again in the current Motion to Dismiss, [*see* Filing No. 69 at 14-16], it could have amended its counterclaim as a matter of course. It chose not to do so.

> Procedure and that Mr. Spencer is willing, for the convenience of counsel, to travel to Indiana for the deposition. The Court also **GRANTS** DirecTV's Motion to Strike and for Sanctions, [Filing No. 56], to the extent that it finds DirecTV is entitled to its fees and costs in connection with the motion. The Court **ORDERS** that, within **14 days** of the date of this Order, DirecTV shall either submit a Fee Petition, or shall file a Report advising that it is only seeking the fees and costs set forth in the Declaration of Attorney Christopher J. Hufnagel, [Filing No. 56-1]. Defendants shall have **7 days** from the date of DirecTV's filing of a Fee Petition or Report to respond. No reply is necessary;

- **OVERRULES** MCI's Objection and Motion for Reconsideration of Report and Recommendation on Plaintiff's Motion to Dismiss, [Filing No. 98], and **ADOPTS** the Magistrate Judge's Report and Recommendation, [Filing No. 89], in full; and

- **GRANTS** DirecTV's Motion to Dismiss Amended Counterclaim, [Filing No. 68], and **DISMISSES WITH PREJUDICE** MCI's breach of contract counterclaim.

As set forth in the Court's January 7, 2016 Order, the deadline for Defendants to file a Motion for Summary Judgment, and to file a response to DirecTV's Motion for Summary Judgment, is **30 days** from the date of this Order. [*See* Filing No. 78; Filing No. 86.] The parties are reminded of the importance of complying with the Court's Practices and Procedures, which specifically address the filing of cross motions for summary judgment, the number of briefs, and the page limits for each brief. [*See* Filing No. 6 at 2-3.]

Date: June 3, 2016

*[signature]*

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only to all counsel of record**