**Exhibit 5**

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

DIRECTV, LLC, a California limited liability
company,

Plaintiff,

v.

VICTOR A. SPINA, a/k/a VICTOR A.
SPINA, JR. and WILLIAM SPINA, a/k/a
WILLIAM ANTHONY SPINA, JR.,
Individually, and as officers, directors,
shareholders, principals, managers and/or
members of MARTINSVILLE CORRAL,
INC., d/b/a TEXAS CORRAL, a/k/a
SHELBYVILLE TEXAS CORRAL,

and

MARTINSVILLE CORRAL, INC., d/b/a
TEXAS CORRAL, a/k/a SHELBYVILLE
TEXAS CORRAL,
                              Defendants.

**DIRECTV, LLC'S ANSWERS TO THIRD
SET OF INTERROGATORIES**

Civil Action No.: 1:15-CV-00104-JMS-TAB

Pursuant to Fed. R. Civ. P. 33, Defendants, MARTINSVILLE CORRAL, INC., VICTOR

A. SPINA, and WILLIAM A. SPINA, ("Defendants"), request that DIRECTV, LLC ("Plaintiff")

answer the following Interrogatories separately and fully in writing under oath.

**The following definitions are applicable to terms used in these requests:**

**A.** "DIRECTV, LLC" or "Plaintiff" means DIRECTV, LLC **and any predecessor,**

**successor, division, parent, subsidiary, related** company **or affiliate of** DIRECTV, LLC**, and**

**all present or former officers, directors, agents, representatives, employees, and attorneys**

**acting on behalf of** DIRECTV, LLC.

1

B.     The term "person" refers to natural persons, organizations, firms, corporations, and other legal entities, whether or not in the employ of DIRECTV, LLC and the acts "of" a person are defined to include the acts of directors, officers, owners, members, employees, agents, or attorneys acting on the person's behalf.

C.     To "identify" a person means to state the person's name, occupation, job title, email address, and correct business address or, if unknown, the last-known business and home address.  Unless it otherwise appears from the context, a request to identify a person relates to all persons in such classification or category.

D.     The term "document" has the meaning prescribed in Rule 34, Fed.R.Civ.P., and includes the original and every non-identical copy or reproduction in the possession, custody, or control of DIRECTV, LLC  or known to DIRECTV, LLC  even though not actually in possession by DIRECTV, LLC.  The term "document" includes computer files stored in electronic and/or magnetic form and other data compilations.

E.     The term "thing" has the meaning prescribed in Rule 34, Fed.R.Civ.P., and includes every kind of physical specimen or tangible item, other than a document (including models and prototypes) in the possession, custody, or control of DIRECTV, LLC or known to DIRECTV, LLC  even though not actually in possession by DIRECTV, LLC.

F.     To "identify" any document or thing means:

1.     To provide a brief description of such document or thing sufficient to support a request for production;

2.     To identify the custodian of the document or the thing by name, job title, employer, and address;

3.     To identify the place where the document or thing may be inspected; and

4.     If a copy of the document has been previously supplied to <u>DIRECTV, LLC</u> to so state
       and to specifically identify the previously supplied copy by reference to production
       numbers or other identifying information.

       G.     "Defendants" means <u>MARTINSVILLE CORRAL INC.</u>, **VICTOR A. SPINA**
and **WILLIAM A. SPINA**, and any predecessor, successor, division, parent, subsidiary,
related company or affiliate of any Defendant and all present or former officers, directors,
agents, representatives, employees, and attorneys acting on behalf of any Defendant.

       H.     The terms "and" and "or" and "and/or" shall be construed conjunctively
and disjunctively so as to have the broadest possible meaning.

       I.     Where appropriate, the singular form of a word shall be interpreted in the
plural, and vice versa, to have the broadest possible meaning.

Defendants' Instructions

1.     If objection is made to any part of any of these requests, all information within the
       unobjectionable scope should be produced.  No interrogatory or request seeks
       information not likely to lead to the discovery of admissible evidence, and any doubt
       of substantial relevance of any information to any part of the subject matter of this
       case should be resolved by production of such information.

2.     Should you claim that any information, document or thing sought or requested by
       any of the following interrogatories or requests for production constitutes a trade
       secret or other confidential research, development or commercial information, then
       you are requested to so identify the existence of said trade secret or confidential
       information so that an appropriate protective order can be entered in this case prior

to the date on which you are obligated to provide responses to these interrogatories and requests for production.

3.   Should you claim that any document or thing requested by any interrogatory or request is privileged, immune, or otherwise exempt from discovery, you shall:

    a.   Identify each such document or thing by supplying to Defendants the following information:

        i.   The type of document or thing, e.g., letter, notebook, sketch, computer entry, drawing, publication, report, memorandum, etc.;

        ii.   The date of the document or thing;

        iii.   The names of all persons identified in the document or thing, including, but not limited to, the name or names of the originators or signors, and the name or names of the persons to whom the document or thing (or copies thereof) are addressed or were furnished;

        iv.   The present location of the document or thing and name and address of the custodian thereof;

        v.   The length of the document; and

        vi.   A brief summary of the contents of each document or description of each thing; and

    b.   State the particular grounds upon which each document or thing is claimed to be privileged, immune or otherwise exempt from discovery.

4.   These interrogatories and production requests are continuing in nature and require supplementation in accordance with Rule 26(e), Fed.R.Civ.Proc.

4

## DIRECTV, LLC'S GENERAL OBJECTIONS

The following General Objections apply to every paragraph of Defendants' Interrogatories:

A.      DIRECTV objects to the Defendants' definition of the terms "DIRECTV, LLC" or "Plaintiff" as stated above.  The only Plaintiff in this matter is DIRECTV, LLC.  Therefore, Plaintiff's responses to these interrogatories are on behalf of DIRECTV, LLC only and not on behalf any predecessor, successor, division, parent, subsidiary, related company or affiliate of DIRECTV, LLC, and all present or former officers, directors, agents, representatives, employees, and attorneys acting on behalf of DIRECTV, LLC.

B.      DIRECTV objects to the extent the Interrogatories seek to impose obligations on DIRECTV greater than or more extensive than those provided by the *Federal Rules of Civil Procedure*.

C.      DIRECTV objects to the extent the Interrogatories seek information already in Defendant's possession, custody, or control, and/or equally available to Defendant.

D.      DIRECTV objects to the Interrogatories to the extent they seek information not relevant to the subject matter of this action and/or not reasonably calculated to lead to the discovery of admissible evidence.

E.      DIRECTV's disclosure of information in response to these Interrogatories is not, and shall not be construed as an admission by DIRECTV nor that such disclosure constitutes a waiver of any applicable privilege or objection.

F.      DIRECTV reserves the right to amend and/or modify these responses in the event of error, inadvertent mistake, and/or omission.

G.      Without asserting any obligation to do so, and without waiving these objections, DIRECTV reserves the right to amend, modify, and/or supplement these responses as and when additional facts or information are discovered.  Investigation and

5

discovery are ongoing. DIRECTV's objections and responses are made in good faith after diligent inquiry based on investigation and discovery conducted and identified to date. DIRECTV provides these objections and responses without prejudice to its right to present further facts, information, documents, things, evidence or analyses not yet obtained or identified or subject to further investigation or discovery.

        H.    Each of the foregoing General Objections are expressly incorporated into each of the following responses as if set forth in full therein.

INTERROGATORIES

**INTERROGATORY NO. 19:** Paragraph 26 of the First Amended Complaint in action 15-104-JMS-TAB, and in paragraph 24 of the Complaint in action 15-104-JMS-TAB (collectively, "the Complaints"), both allege that Defendants Martinsville Corral, Inc., Victor Spina, Jr. and William Spina "published" certain communications.

The Complaints further allege an usurpation of your "goodwill and reputation" by Defendants Martinsville Corral, Inc., Victor Spina, Jr. and William Spina (see par. 28 of the First Amended Complaint in action 15-104-JMS-TAB, and in par. 26 of the Complaint in action 15-104-JMS-TAB).

In subsections c and d, of the prayers for relief of the Complaints, you seek an award of "actual damages" suffered by you. Do the "actual damages" you seek to recover include damage to your goodwill and reputation that you claim to have suffered from the allegedly "published" communications by Defendants Martinsville Corral, Inc., Victor Spina, Jr. and William Spina?

**ANSWER**: Yes.

**INTERROGATORY NO. 20:** Paragraphs 5 of the First Amended Complaint in action 15-104-JMS-TAB, and the Complaint in action 15-104-JMS-TAB (collectively, "the Complaints") allege that "DIRECTV holds proprietary rights" to "Satellite Programming it transmits."

6

You have produced in this case a "DirecTV Customer Agreement" (Exhibit 5 to your 30(b)(6) deposition held December 15, 2015). Section 1(h) of the "DirecTV Customer Agreement," titled "Private Viewing," is:

> (h) **Private Viewing**. We provide Service only for your private non-commercial use, enjoyment and home viewing. The programming may not be viewed in areas open to the public or in commercial establishments. You may not rebroadcast, transmit or perform the programming, charge admission for its viewing or transmit or distribute running accounts of it. You may not use any of our trademarks. Notwithstanding the provisions of Section 9, we or any programming provider may prosecute violations of the foregoing against you and other responsible parties in any court of competent jurisdiction, under the rules and regulations of the Federal Communications Commission and other applicable laws.

(the "Private Viewing Clause")

Do your proprietary rights referenced in the Complaints ("Proprietary Rights") that you allege have been violated by each Defendant include your contractual rights arising from the restrictions stated in the Private Viewing Clause?

**ANSWER**: Yes.

**INTERROGATORY NO. 21:**    In subsections c and d, of the prayers for relief of the Complaints, you seek an award of "actual damages" suffered by you. Do the "actual damages" you seek to recover include damage to your Proprietary Rights that you allege were caused by the actions of by Defendants Martinsville Corral, Inc., Victor Spina, Jr. and William Spina as alleged in the Complaints?

**ANSWER**: Yes. Although DIRECTV, LLC is seeking actual damages in its prayers for relief in the Complaints, per 47 U.S.C. ' 605(e)(3)(C)(i), DIRECTV, LLC may elect to *recover* either actual or statutory damages prior to final judgment being rendered.

7

Respectfully submitted,

**DIRECTV, LLC**

By:_____
JULIE COHEN LONSTEIN, ESQ.
(NYS Bar No. #2393759)
Attorney for Plaintiff
LONSTEIN LAW OFFICE, P.C.
Office and P.O. Address
80 North Main Street : P.O. Box 351
Ellenville, NY  12428
Telephone:  (845) 647-8500
Facsimile:  (845) 647-6277
Email: Legal@signallaw.com
*Our File No. ES14-13IN-07*

## VERIFICATION TO PLAINTIFF DIRECTV, LLC'S RESPONSES TO DEFENDANTS' THIRD SET OF INTERROGATORIES TO PLAINTIFF

I affirm under penalties of perjury that the above answers provided in the Responses to Defendants' Third Set of Interrogatories are true and correct to the best of my knowledge and belief.

Dated: February **17**, 2016

_____
Kent P. Mader
Vice President, Risk Management
DIRECTV LLC

8

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing has been deposited in the U.S. mail, first-class postage prepaid, on February 18, 2016, addressed to:

Paul B. Overhauser
Attorney for Defendants
OVERHAUSER LAW OFFICES LLC
740 W. Green Meadows Dr., Ste. 300
Greenfield, IN 46140
Phone (317) 891-1500
poverhauser@overhauser.com

By: _____
JULIE COHEN LONSTEIN, ESQ.
(NYS Bar No. #2393759)