Exhibit 7

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION



-------------------------------------------------------------------

DIRECTV, LLC, a California limited liability company,

        Plaintiff,

        v.

VICTOR A. SPINA, a/k/a VICTOR A. SPINA, JR.
and WILLIAM SPINA, a/k/a WILLIAM
ANTHONY SPINA, JR., Individually, and as
officers, directors, shareholders, principals,
managers and/or members of MARTINSVILLE
CORRAL, INC., d/b/a TEXAS CORRAL, a/k/a
SHELBYVILLE TEXAS CORRAL,

Case no. 1:15-CV-00104-JMS-TAB

and

MARTINSVILLE CORRAL, INC., d/b/a TEXAS
 CORRAL, a/k/a SHELBYVILLE TEXAS CORRAL,

        Defendants.

-------------------------------------------------------------------

### PLAINTIFF DIRECTV, LLC'S AMENDED RESPONSES
### TO DEFENDANT'S FIRST SET OF INTERROGATORIES

TO: Defendant named above through their attorney of record:

        Paul B. Overhauser, Esq.
        Overhauser Law Offices
        740 W Green Meadows Drive, Ste 300
        Greenfield, IN 46140
        (317) 467-9100

### DEFENDANT'S DEFINITIONS AND INSTRUCTIONS

Pursuant to Fed.R.Civ.P. 33, Defendants request that DIRECTV, LLC ("Plaintiff")

answer the following Interrogatories separately and fully in writing under oath.

The following definitions are applicable to terms used in these requests:

    A.    "DIRECTV, LLC or "Plaintiff" means DIRECTV, LLC and any

1

disclosure of responsive, non-privileged information that is confidential.

I.      DIRECTV objects to each and every Interrogatory to the extent that they purport to be a "continuing request" for information of which DIRECTV does not currently have possession, custody or control.

J.      DIRECTV's disclosure of information in response to these Interrogatories is not, and shall not be construed as an admission by DIRECTV that such information exists or that such disclosure constitutes a waiver of any applicable privilege or objection.

K.      DIRECTV reserves the right to amend and/or modify these responses in the event of error, inadvertent mistake, and/or omission.

L.      Without asserting any obligation to do so, and without waiving these objections, DIRECTV reserves the right to amend, modify, and/or supplement these responses as and when additional facts or information are discovered.   Investigation and discovery are ongoing. DIRECTV's objections and responses are made in good faith after diligent inquiry based on investigation and discovery conducted and identified to date.   DIRECTV provides these objections and responses without prejudice to its right to present further facts, information, documents, things, evidence or analyses not yet obtained or identified or subject to further investigation or discovery.

M.      Each of the foregoing General Objections are expressly incorporated into each of the following responses as if set forth in full therein.

## DIRECTV, LLC'S AMENDED RESPONSES TO DEFENDANT'S INTERROGATORIES

Subject to and without waiver of the foregoing General Objections, DIRECTV responds to Defendant's Interrogatories as follows:

INTERROGATORY No. 3: Identify each electronic communication that you allege has been unlawfully received or intercepted as alleged in your amended complaint, and for

each such communication:

    a.      State who initiated the electronic communication;

    b.      State the date and time the communication was made;

    c.      Identify (by stating name, address, phone numbers and email addresses) all persons that were authorized to receive or intercept the communication, and for each such person, state how and when they became authorized to receive or intercept the communication;

    d.      Identify (by stating name, address, phone numbers and email addresses) all persons that unlawfully received or intercepted the communication, and for each such person, identify all witnesses having knowledge that the person received or intercepted the communication; and

    e.      Identify by serial number the DirecTV receiver that was used to receive or intercept the communication state and the amount of subscription fees paid for each such DirecTV receiver during the time when the electronic communication was received or intercepted.

RESPONSE: DIRECTV objects on the grounds that Interrogatory No. 3 is compound, seeks information in the custody, possession and control of the Defendant or a third party, is overly broad, unduly burdensome, vague and ambiguous including but not limited to the terms "electronic communication" seeks information containing trade secret or confidential information or other applicable privileges or doctrines, seeks information that is a matter of public record, seeks information irrelevant to any claim or defense in this case, and is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving any of its general and specific objections:

3(a). DIRECTV further objects on the grounds that this request is vague and ambiguous, including but not limited to the terms "initiated" and "electronic communication." See DIRECTV's Amended Complaint and Initial Disclosures, specifically the auditor affidavits indicating the date and time he observed DIRECTV satellite programming publicly displayed at the commercial establishments known as Shelbyville Texas Corral at 2103 Intelliplex Dr., Shelbyville, IN 46176, and the Martinsville Texas Corral at 610

Birk Rd., Martinsville, IN 46151.  Generally customers initiate the delivery and receipt of their DIRECTV programming services.

3(b). DIRECTV further objects on the grounds that this request is vague and ambiguous, including but not limited to the terms "date and time" and "communication."  See DIRECTV's Amended Complaint and Initial Disclosures, specifically the auditor affidavits indicating the date and time he observed DIRECTV satellite programming publicly displayed at the commercial establishments known as Shelbyville Texas Corral at 2103 Intelliplex Dr., Shelbyville, IN 46176, and the Martinsville Texas Corral at 610 Birk Rd., Martinsville, IN 46151.

3(c). DIRECTV further objects on the grounds that this request is vague and ambiguous, including but not limited to the terms "persons," "authorized," receive," intercept," and "communication;" seeks confidential third-party information protected by DIRECTV's privacy policy;   and seeks confidential information protected by the Satellite Home Viewer Extension and Reauthorization Act [47 U.S.C. § 338(i)], now known as The Satellite Television Extension and Localism Act of 2010 or "Privacy Rights of Satellite Subscribers."  See DIRECTV's Amended Complaint and Initial Disclosures; DIRECTV is unable to locate properly authorized commercial accounts located at the commercial establishments known as Shelbyville Texas Corral at 2103 Intelliplex Dr., Shelbyville, IN 46176, and the Martinsville Texas Corral at 610 Birk Rd., Martinsville, IN 46151.

3(d). DIRECTV further objects on the grounds that this request is vague and ambiguous, including but not limited to the terms "unlawfully," "received," intercepted," "communication," "all witnesses," and "knowledge."  See DIRECTV'S Amended Complaint and Initial Disclosures. DIRECTV is unable to locate properly authorized commercial accounts located at the commercial establishments known as Shelbyville Texas Corral at 2103 Intelliplex Dr., Shelbyville, IN 46176, and the Martinsville Texas Corral at 610 Birk Rd., Martinsville, IN 46151.

3(e). DIRECTV further objects on the grounds that this request is vague and ambiguous, including but not limited to the terms "serial numbers," "receiver," " receive," intercept," "communication," "subscription fees paid for each DIRECTV receiver," and "electronic communication," "received," and "intercepted." See DIRECTV'S Amended Complaint and Initial Disclosures, specifically the auditor affidavits indicating the date and time and some receiver information he observed DIRECTV satellite programming publicly displayed at the commercial establishments known as Shelbyville Texas Corral at 2103 Intelliplex Dr., Shelbyville, IN 46176, and the Martinsville Texas Corral at 610 Birk Rd., Martinsville, IN 46151.  Receiver ID 029417397394 corresponds with serial number C11BD9AY205456.

8

protected from discovery by the attorney-client privilege, work-product doctrine and/or other applicable privilege provided by law; seeks information irrelevant to any claim or defense in this case, and is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving any of its general and specific objections, see DIRECTV's Complaint seeking statutory damages and 47 USC 605. DIRECTV will make application to the Court for its attorney's fees, including all costs, at the appropriate juncture.

    Dated: June 10, 2015
       Ellenville, New York

                Respectfully submitted,

                DIRECTV, LLC

                By: _____
                JULIE COHEN LONSTEIN, ESQ.
                (NYS BAR NO. #2393759)
                Attorney for Plaintiff
                LONSTEIN LAW OFFICE, P.C.
                80 North Main Street, P.O. Box 351
                Ellenville, NY 12428
                Telephone: (845) 647-8500
                Facsimile: (845) 647-6277
                Email: Legal@signallaw.com

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

---------------------------------------------------------------

DIRECTV, LLC, a California limited liability company,

        Plaintiff,

  v.

VICTOR A. SPINA, a/k/a VICTOR A. SPINA, JR.
and WILLIAM SPINA, a/k/a WILLIAM
ANTHONY SPINA, JR., Individually, and as
officers, directors, shareholders, principals,
managers and/or members of MARTINSVILLE
CORRAL, INC., d/b/a TEXAS CORRAL, a/k/a
SHELBYVILLE TEXAS CORRAL,

      Case no. 1:15-CV-00104-JMS-TAB

and

MARTINSVILLE CORRAL, INC., d/b/a TEXAS
CORRAL, a/k/a SHELBYVILLE TEXAS CORRAL,

        Defendants.

---------------------------------------------------------------

### VERIFICATION TO PLAINTIFF DIRECTV, LLC'S AMENDED RESPONSES TO DEFENDANT'S FIRST SET OF INTERROGATORIES

I affirm under penalties of perjury that the answers provided in the above Amended Responses to Defendants' First Set of Interrogatories, served upon Defendants' counsel on June 10, 2015, are true and correct to the best of my knowledge and belief.

Kent P. Mader
Vice President, Risk Management DIRECTV
LLC

18