## DECLARATION

Exhibit 4

Marc S. Bragg, being first duly sworn on oath, states as follows:

1. I am an adult resident of the State of California. My address is 3641 Kingsley St., San Diego, CA, 92106.

2. I am one of the LLC Members of Sally & Henry's Doghouse, LLC d/b/a Sally and Henry's Doghouse and Grill (the "Doghouse"). The establishment had a legal occupancy of approximately 100 persons.

3. I am a named defendant in Case No. 13 cv 2924 (a J&J Case) pending in the Southern District of California before Judge Thomas J. Whelan, and Case No. 13 cv 2725 (a Joe Hand case) pending in the same District before a different Judge. The Clerk has been directed to decide whether the cases are "related" for purposes of consolidation. I am an attorney licensed to practice law in the State of California and am counsel of record for these two cases.

4. After the Doghouse opened the bar and restaurant, I contacted Cox Communications to provide commercial programming. Cox installed the system. The Doghouse learned about DIRECTV's "NFL Ticket", and so changed its commercial service over to DIRECTV.

5. DirecTV and its installer told us that we were receiving and being billed for commercial programming so I had no reason to verify that fact. I never received any contract or billing that suggested my programming was residential and not commercial.

6. The DIRECTV installer came to the business address, installed their system, programmed it and activated it. There was no possible means of mistaking the commercial establishment for a residence.

CASTILLO 0957

7. In late November of early December the fights at issue were ordered by contacting DirecTV. A DIRECTV representative told me over the phone how we could order the fights, how to pay DIRECTV for them, and which channel to turn to on the night of the event. DIRECTV confirmed we were an authorized commercial account for purchase and display of the fights.

8. We did not know of the plaintiffs' alleged licensing rights until after DirecTV sold the programming to us directly and provided the activation codes. Even DirecTV's advertising did not identify the plaintiffs or their alleged licensing rights.

9. The Doghouse showed one of the fights in question (the December 8, 2012 *Manny Pacquiao v. Juan Manuel Marquez* fight) at the Doghouse.

10. I learned that the Doghouse been set up in DIRECTV's internal account with a residential account after I was contacted by the Law Offices of Thomas Riley demanding a hundred thousand dollar in alleged damages. Copies of those letters are attached hereto as Exhibit 1.

11. I spoke with one of Riley's attorneys who said that I had a great case against DIRECTV, and they would "kick it upstairs" to decide whether to pursue litigation or not.

12. Instead of contacting me again, they waited until right before their statute of limitations expired to file suit, which was *after* the statute of limitations had expired for them or me to sue or implead DIRECTV. I believe this was an intentional strategy on their part. When I spoke to a representative of Mr. Riley's office after the lawsuit was filed I was told that that "they had other ways of dealing with DIRECTV." The individual I spoke with claimed I had no

CASTILLO 0958

defense, indicated that it didn't matter if DirecTV had given me improper information, and once again demanded $100,000.

13. The cost of a commercial license for the J&J event for an establishment would be approximately $1,700 or so we learned later. The LLC would not have purchased the fights if the true price for a commercial viewing had been disclosed.

14. I have never seen copies of any affidavit, photos, or video that I hear appears in other cases brought by these entities. I was told they have them; I did request them; but they have not been produced.

15. The boxing promotion company demands are grossly exaggerated and outrageous. Prior to filing suit, their total loss if any was the cost of the program. Now there are additional unwarranted legal fees because these entities have learned how to abuse the legal system and make the federal courts their private debt collection agencies.

16. I have been attempting to implead DirecTV into this litigation. Through my own investigation and that of other attorneys, I have reason to believe that DirecTV is complicit in the boxing promotion scam, and knowingly sets up commercial customers with residential programming as a matter of routine in order to steal those customers away from competitors (as in our case from Cox), and/or in order to gain subscriptions and sales they would not otherwise obtain if they disclosed the true costs for commercial programming. I learned through these research efforts that these tactics continue despite a $13.5 million settlement with 48 Attorneys General in 2010 directing DIRECTV to avoid opening residential accounts in the exact manner in which they opened the Doghouse's improper residential account.

CASTILLO 0959

17. Our litigation is ongoing, and I remain committed to defending our case in court because we have done nothing wrong. The wrongdoers in this case are DirecTV and these boxing promotion companies, who are extorting money from innocent and hard-working small business people trying to make a living by relying on their false and deceptive representations made by both DirecTV and these boxing promotion companies and their agents.

18. Due to the Plaintiff's actions we have incurred thousands of dollars in expenses and hundreds of my own attorney hours.

I state under penalty of perjury and in accordance with 28 U.S.C. §1746 that the foregoing is true and correct.

_____  Dated: 2/9/2016

Drafted in part by:
Lisa L. Clay, Attorney at Law
345 North Canal Street, Suite C202
Chicago, IL 60606
312.753.5302
lclayaal@gmail.com
ARDC# 6277257

4

CASTILLO 0960